GUS SUN BOOKING EXCHANGE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10786.    Promulgated January 12, 1928.

*Thomas D. Hodge, Esq.*, for the petitioner.
*J. Arthur Adams, Esq.*, for the respondent.

## OPINION.

TRAMMELL: The principal question involved is whether the petitioner meets the tests required by section 200 of the Revenue Act of 1918, which is as follows:

The term "personal service corporation" means a corporation whose income is to be ascribed primarily to the activities of the principal owners or stockholders who are themselves regularly engaged in the active conduct of the affairs of the corporation and in which capital (whether invested or borrowed) is not a material income-producing factor; but does not include any foreign corporation, nor any corporation 50 per centum or more of whose gross income consists either (1) of gains, profits or income derived from trading as a principal, or (2) of gains, profits, commissions, or other income, derived from a Government contract or contracts made between April 6, 1917, and November 11, 1918, both dates inclusive.

The test laid down with respect to capital is clearly met. Capital was not an income-producing factor. The corporation had no capital, either invested or borrowed, except what was invested in its furniture and fixtures and this did not at any time exceed $1,000.

The corporation was engaged in rendering personal service, which consisted of securing vaudeville acts for theatres and obtaining contracts of employment for actors upon a commission basis. It had no responsibility, financial or otherwise, after the contracts had been obtained.

Were the principal stockholders regularly engaged in the active conduct of the affairs of the corporation? One of the principal stockholders of record, the United Booking Offices, a corporation, appears to be the owner of 201.5 shares. It is contended by the petitioner that this corporation did not actually own the shares appearing in its name but that they were merely issued and transferred to it in the nature of security. On that question the provisions of the contract dated June 23, 1914, are set out in the findings of fact.

On the question as to whether the petitioner corporation was a corporation coming within the scope of section 209 of the Revenue Act of 1917, that is, a trade or business having no invested capital or not more than a nominal capital, the United States District Court for the Southern District of Ohio, Western Division, in the case of *Gus Sun Booking Exchange Co.* v. *Deane*, 10 Fed. (2d) 378, held that during 1917 the petitioner corporation came within the scope of section 209. The court, in its decision, stated as follows:

The ownership of the stock of the United Booking Offices is dependent solely upon the written contracts * * *. When the operation of those contracts is terminated, the stock goes back to the plaintiff company. It must be regarded as a deposit or a pledge for the due performance of the contract, or for some other purpose.

The court also said:

The authorization to issue and the issuance of substantially $50,000 in stock, raises a presumption, or at least casts a suspicion that substantial value in the form of capital is included within the corporate assets. This presumption, if it reaches the dignity of a presumption, may, however, be overthrown by proof that the outstanding stock was not exchanged for something of actual, potential, or substantial value.

Section 209 of the Revenue Act of 1917 is as follows:

That in the case of a trade or business having no invested capital or not more than a nominal capital there shall be levied, assessed, collected and paid, in addition to the taxes under existing law and under this Act, in lieu of the tax imposed by section two hundred and one, a tax equivalent to eight per centum of the net income of such trade or business in excess of the following deductions: In the case of a domestic corporation $3,000, and in the case of a domestic partnership or a citizen or resident of the United States $6,000; in the case of all other trades or business, no deduction.

The proceedings in the United States District Court were introduced in evidence here and it was contended that " the District. Court's decision on each of such issues is binding on the Government by the rule of *res judicata*, so that the Board can not be required to

decide any of them *de novo* and that acceptance of the District Court's determinations upon these issues of fact will result in this Board holding petitioner to be a personal service corporation under the 1918 Act."

We do not consider that the decision of the United States District Court upon the issue as to whether the petitioner was a corporation having no invested capital or not more than a nominal capital during 1917 is binding upon the Board or is determinative upon the question as to whether the petitioner comes within the scope of section 200 of the Revenue Act of 1918. The two sections are different in material respects. Conceding that the petitioner meets fully the requirements of section 209 of the Revenue Act of 1917, it does not follow that it meets the tests of section 200 of the Revenue Act of 1918. Under section 200 of the 1918 Act, the income must be ascribable primarily to the activities of the principal stockholders. This is one of the tests that must be met. As to this the question of the relationship and activities of the United Booking Co. become important.

All activities of the petitioner at New York and Chicago were carried on principally by the United Booking Offices. It is true that contracts made by it were subject to the approval of representatives of the petitioner in those offices who are not shown to have been stockholders and to the final approval of Sun. It would seem clear, however, that a material part of the income was ascribable to those services of the United Booking Offices. It appears that the principal part of the contracts and the business originated from this source. The petitioner recognized the value of those services of the United Booking Offices in agreeing to give to that company half its income in consideration therefor.

We agree with the United States District Court in the case of *Gus Sun Booking Exchange* v. *Deane, supra,* that the United Booking Offices was not a stockholder. The stock in the name of that company was merely held pursuant to contract. That company not being a stockholder, it seems clear that a material part of the income was attributable to other sources than the services of the stockholders, especially when we consider the services rendered by employees who were not stockholders. The statute, however, requires that the income be attributable primarily to the activities of the principal stockholders. Taking this view of the relationship of the United Booking Offices and considering the number and the important services rendered by nonstockholding employees, the petitioner does not meet the test of section 200 of the 1918 Act. This question was not involved in the case decided by the United States District Court in determining whether the petitioner comes within the scope of section 209 of the 1917 Act.

On the other hand, even if the United Booking Offices was a stockholder, it being a corporation, the services rendered by it were not personal in their character. We have heretofore held that if the principal stockholder of a corporation was itself a corporation, personal service classification should be denied. *Hanley-Ried & Co.*, 2 B. T. A. 315; *Manufacturers Insurance Agency Co.*, 8 B. T. A. 44.

For the foregoing reasons, in our opinion, the petitioner does not come within the scope of section 200 of the Revenue Act of 1918.

Inasmuch as the petitioner introduced no evidence in support of its contention that if it were found not to be a personal service corporation its tax should be computed under the provisions of section 328 of the Revenue Act of 1918, the contention is denied.

*Judgment will be entered on 15 days' notice, under Rule 50.*