Laura Mac Corrigan v. Commissioner.
Corrigan v. Commissioner
Docket No. 1922.
United States Tax Court
1944 Tax Ct. Memo LEXIS 102; 3 T.C.M. (CCH) 1013; T.C.M. (RIA) 44310; September 29, 1944
*102 Robert W. Wheeler, Esq., 1669 Union Commerce Bldg., Cleveland, O., for the petitioner. Lawrence R. Bloomenthal, Esq., for the respondent. LEECH
Memorandum Findings of Fact and Opinion LEECH, Judge: Respondent has determined deficiencies in petitioner's income tax for the years and in amounts as follows: Year
Amount
1937
$ 4,856.71
1938
2,286.13
1939
4,351.01
1940
9,248.94
1941
10,494.00
Total
$31,236.79
The issues are: (a) whether respondent is precluded by the rule of res judicata by reason of a prior decision involving the same parties, from increasing the petitioner's income for the calendar years 1937 to 1941, inclusive, by the amounts of trustee's fees and expenses disallowed as a deduction from the gross income of a trust estate of which the petitioner is a beneficiary; (b) whether assessment and collection of the deficiencies determined for the years 1937 and 1938 is barred by the statute of limitations; and (c) the correctness of respondent's action in including in petitioner's income for 1939 a short term capital gain of $1,531.60 upon the sale in that year of certain certificates of interest in shares of capital stock of the Union Bank of Commerce of Cleveland, *103 Ohio. Most of the facts are stipulated and this stipulation we include by reference in our findings of fact. A few additional facts were established by testimony on the hearing. The facts and opinion upon each issue will be set out separately. Only such of the stipulated facts as are necessary for an understanding of the several issues and the pertinent additional facts established upon the hearing will be recited. Issue 1 Facts During the taxable years here involved, petitioner was a beneficiary of a trust created by the last will and testament of James W. Corrigan. Since the creation of this trust John H. Watson, Jr. has served as trustee. Up until April 11, 1938 the Union Trust Company of Cleveland, Ohio, was joint trustee. At that time the Union Trust Company ceased to serve as trustee and from that date John H. Watson, Jr. has served as sole trustee and has employed the National City Bank of Cleveland as his agent in handling the matters of the trust estate. Since the creation of the trust the trustee's fees have been allowed by the Probate Court and paid, amounting in each year to 5 per cent of the gross income of the trust excluding gains on sales, exchanges or redemptions *104 of securities or the payments of securities at maturity. Since the Union Trust Company ceased to be a trustee John H. Watson, Jr. has paid to the National City Bank of Cleveland as compensation for its services as his agent two-fifths of the 5 per cent commissions allowed and paid. John H. Watson, Jr., as trustee of the aforesaid trust, and petitioner both maintained their accounts and made their returns upon the cash receipts and disbursements basis. The returns of the trust and of the petitioner, in each of the years here involved, were filed with the collector of internal revenue for the eighteenth district of Ohio at Cleveland, Ohio. There is no dispute between the parties as to the amount of the gross income received by the trust in each of the years involved. In each of those years by far the greater portion of the trust income was interest on government, state and municipal securities, wholly exempt from tax. The amount of such income received in each of the taxable years is stipulated. In making his return for each of the taxable years the trustee reported the total amount of gross income received and in each year deducted, in computing net taxable income, the total amount *105 of the expenses incurred in the administration of the trust. In each year aside from a trifling item of miscellaneous expenses, this deduction was composed of the trustee's fees of 5 per cent on gross income, as heretofore explained. In determining the deficiencies for each year respondent disallowed the deduction of so much of this expense as he determined was attributable to the collection of tax exempt interest. He allocated the expense attributable to such interest in the same percentage that such tax exempt interest bore to gross income. The amount thus allocated and disallowed as a deduction respondent has added to the income of petitioner reported by her as received from the trust estate. On June 10, 1935, two proceedings were filed with the United States Board of Tax Appeals, one by John H. Watson, Jr. and the Union Trust Company. as trustees, being Docket No. 80345, and the other by Laura Mae Corrigan, the petitioner herein, under Docket No. 80344. These proceedings were brought in respect of the calendar year 1932, the Commissioner having for that year disallowed from the expense deduction taken by the trust upon its return that portion determined to be attributable to *106 the collection of tax exempt interest. In those proceedings this Court (then the United States Board of Tax Appeals) held, under the law then in effect, that no distinction was to be made as to deductibility between expenses allocable to collection of taxable income and that allocable to the collection of tax exempt interest and, consequently, that the deduction taken by the trust estate was proper and the Commissioner's action in increasing net income of the petitioner, Laura Mae Corrigan, by the amount of the disallowed portion of the expense deduction was improper. No petition for review of our decision in either of these cases was filed by the Commissioner. Since the creation of the Corrigan trust, there has never been any change as between different years in the character of the activities and operations of the trust estate. Opinion At the time of our decisions in the Corrigan case, Docket No. 80344, and the Watson case, Docket No. 80345, the statutory provision with reference to the allowance of deductions for expenses was section 23(a) of the Revenue Act of 1932, providing for allowance of "All the ordinary and necessary expenses paid or incurred during the taxable *107 year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered". This provision has remained in the same language in the succeeding revenue acts. However, since our decisions in those two cases, the Revenue Act of 1942, by section 121, [1] segregated certain specified types of expenses theretofore considered as covered by the general definition of section 23 (a), above quoted. These are expenses incurred by an individual in the "production or collection of income, or for the management, conservation, or maintenance of property held for the production of income". These particular classes of expenses were designated as "non-trade or non-business expenses". Section 24 of the Revenue Acts of 1936 and 1938 and of the Internal Revenue Code had provided that no deduction should be allowed in respect of "Any amount otherwise allowable as a deduction which is allocable to one or more classes of income other than interest (whether or not any amount of income of that class or classes is received or accrued) wholly exempt from the taxes imposed by this title". The above quoted provision was, by section 121 *108 of the Revenue Act of 1942, amended by adding the following: ", or any amount otherwise allowable under section 23 (a) (2) which is allocable to interest (whether or not any amount of such interest is received or accrued) wholly exempt from the taxes imposed by this chapter". The amendment in question was made retroactive to apply to the years here in controversy. *109 It will thus be seen that the effect of section 121 of the Revenue Act of 1942 was to deny deduction of items of the very character here involved, i.e., those portions of non-business expenses of collecting income otherwise deductible but which were allocable as an expense of the collection of non-taxable interest. The items, the deductibility of which for each of the taxable years is here contested, were clearly within the prohibition of the cited section. It is petitioner's contention, however, that we are precluded by the rule of res judicata from an inquiry into the question as to whether or not this item of expense is allowable. It is insisted that the issue submitted in the former proceeding by this petitioner with respect to the year 1932 adjudicated definitely and for all time that the commissions paid by the trust estate to the trustees in later years are ordinary and necessary expenses in carrying on business and are deductible under section 23 (a). It is urged that we are barred from applying the limitation of section 121 of the Revenue Act of 1942 and can not classify them as "non-trade or non-business expenses" even though the statute, since the decisions in the earlier *110 cases, has specifically separated and now treats expenses of the kind here involved as other than business expenses and denies their deduction. We can not agree. In the first place a careful reading of the records in the two former proceedings in the Watson and Corrigan cases shows clearly to our satisfaction that the question as submitted for our determination was not whether the trust was carrying on business. In those proceedings it was shown that the only portion of the trustee's fee disallowed as a deduction by the Commissioner was that allocable to the collection of tax exempt interest. The Commissioner had allowed the deduction of the commissions for services in collecting taxable income and his action in that respect was not, so far as disclosed, disturbed. In those cases the only essential question presented and determined was that, under the law as it then existed, the mere fact that an expense item was allocable to the collection of tax exempt interest rather than taxable income afforded no basis for distinguishing the deductible character of the item. That was the question presented and decided. The decisions in those cases may not, by reason of some discussion *111 on brief or comment in the opinion upon an issue not submitted, be held to constitute a final adjudication that the later and similar activities of the trust here in question constituted a carrying on of business under section 23 (a). Moreover, we think that the later provision of the law controlling here and not in effect during the years involved in the earlier cases, segregating certain definite and described expenses and providing for the allowance of some and the disallowance of others, works a definite change in section 23 (a) by excluding therefrom expenses specifically described and designated as "non-trade or non-business expenses". The deductibility of the contested items here depends on that law as thus changed and not on the law controlling the decisions in the earlier cases. See Gus Sun Booking Exchange Co., 9 B.T.A. 1197. The plea of res judicata is denied. That portion of the expense of the trust allocable to the collection of tax exempt interest, we hold, is not an allowable deduction in any of the years involved. The basis of allocation by the respondent upon the ratio of tax exempt interest to total income is correct since the expenses *112 were a certain percentage of income collected. Edward Mallinckrodt, Jr., 2 T.C. 1128. Issue 2 Facts The deficiencies for the calendar years 1937 and 1938 were determined and the petitioner was properly notified thereof more than 3 years and less than 5 years subsequent to the filing of the return for each of those years. In each of those years the amount of income omitted by petitioner from her return and the restoration of which gives rise to the deficiencies here in question was more than 25 per cent of the total income reported in each year by petitioner. In each year the omitted amount of income was reported by the trustee of the Corrigan trust upon the return filed for the trust estate which set out all items of gross income realized in each year by that trust. Opinion It is petitioner's argument that the three year statutory limitation provided by section 275 (a) of the Internal Revenue Code applies and the deficiencies having been determined and petitioner properly notified subsequent to the expiration of three years after the return was filed, they are barred of assessment and collection. Respondent urges the application of section *113 275 (c), extending the period to 5 years. It is clear that the petitioner has, in each of the years, omitted from her return income in an amount in excess of 25 per cent of taxable income reported. She insists, however, that section 275 (c) does not apply because the income omitted from petitioner's return was included in full and respondent advised of all the facts in the return filed by the trustee of the Corrigan trust. The question needs no discussion. It has been held by the Circuit Courts and by this Court that the conditions of section 275 (c) are fully met merely by showing that the taxpayer has in fact omitted from its return the specified percentage of income and that this condition is not cured by showing an absence of bad faith or that the omitted income has been included in some return other than that of the taxpayer. We sustain the respondent on this issue. Katharine C. Ketcham, 2 T.C. 159; affd., Ketcham v. Commissioner, 142 Fed. (2d) 996; Foster's Estate v. Commissioner, 131 Fed. (2d) 405; Estate of C. P. Hale, 1 T.C. 121; Anna Eliza Masterson, 1 T.C. 315. *114 Issue 3 Facts During the year 1933 the petitioner owned 560 shares of the capital stock of the Union Trust Company, an Ohio corporation. These shares had a par value of $25 each. This corporation failed in February of that year and was taken over and liquidated by the Superintendent of Banks of Ohio. In 1934 the petitioner paid her added liability as a stockholder of the failed bank in the sum of $14,000. For the year 1933 the petitioner claimed and was allowed a deduction from gross income in an amount equal to her cost basis for the aforementioned stock of the Union Trust Company. For the year 1934 petitioner claimed and was allowed a deduction from gross income as a loss of the $14,000 paid on account of her added liability in respect of such stock. In 1937 there was proposed a plan reorganizing the affairs of the Union Trust Company, to which petitioner and other stockholders of that bank who had paid the added liability upon their stock agreed. This plan was carried out according to its terms. It provided for the organization of a corporation known as the Union Properties, Inc., to which was conveyed some $80,000,000 in book value of assets of the Union Trust Company *115 including claims of the Superintendent of Banks against stockholders of that trust company who had not paid the added stock liability. Union Properties. Inc., assumed the liability against the assets conveyed for payment of certain creditors of the Union Trust Company. These creditors were to be paid in addition to the face amount of their claims a certain proportion of any excess resulting from liquidation of 50 per cent of the assets of the Union Trust Company received by Union Properties. In exchange for the properties thus received. Union Properties issued all of its capital stock to the Superintendent of Banks to be held as one of the remaining assets of the Union Trust Company. Thereupon all the remaining assets of the Union Trust Company, including the stock of Union Properties, Inc., were transferred to a new corporation organized to receive them known as the Union Bank of Commerce Company. The Union Bank of Commerce Company, in addition to the properties of the Union Trust Company received as stated, also received $1,000,000 from the United States Reconstruction Finance Corporation to which the Union Bank of Commerce Company issued a similar amount in preferred stock. In *116 exchange for the shares of stock of the former stockholders of the Union Trust Company participating in the plan of reorganization the Union Bank of Commerce Company issued to trustees for those former stockholders shares of its common stock in the proportion of one of its shares for each 20 shares held in the Union Trust Company. Pursuant to this plan there was issued to the trustees, on April 11, 1938, to be held by them for the account of petitioner, 28 shares of common stock of the Union Bank of Commerce Company. On May 5, 1938, upon the surrender of the stock certificates for her 560 shares of stock of the Union Trust Company, the trustees issued in petitioner's name a transferable Certficate of Interest evidencing her interest in said 28 shares of stock. Petitioner's Certificate of Interest in these 28 shares of common stock of the Union Bank of Commerce Company had a fair market value on April 11, 1938 of $25 per share. On June 6, 1939 petitioner sold her Certificate of Interest in the 28 shares of common stock of the Union Bank of Commerce Company for the sum of $1,531.60 and in determining the deficiency herein for that year respondent included this sum in income as a short *117 term capital gain. Opinion Section 112(b) (3) of the Revenue Act of 1938 and the Internal Revenue Code provides: Stock for Stock on Reorganization. - No gain or loss shall be recognized if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization. Section 112 (g) of the Internal Revenue Code, as retroactively amended by section 213 (g) (1) of the Revenue Act of 1939, provides: Definition of Reorganization. - As used in this section and section 113 - (1) The term "reorganization" means * * * (C) the acquisition by one corporation, in exchange solely for all or a part of its voting stock, of substantially all the properties of another corporation, but in determining whether the exchange is solely for voting stock the assumption by the acquiring corporation of a liability of the other, or the fact that property acquired is subject to a liability, shall be disregarded, or (D) a transfer by a corporation of all or a part of its assets to nother corporation if immediately after the transfer the transferor or its *118 shareholders or both are in control of the corporation to which the assets are transferred, * * *. (2) The term "a party to a reorganization" includes a corporation resulting from a reorganization and includes both corporations in the case of a reorganization resulting from the acquisition by one corporation of stock or properties of another. Under the Plan of Reorganization as carried out, petitioner and the other stockholders of the Union Trust Company participating in such Plan, exchanged their stock solely for stock in the new corporation, the Union Bank of Commerce Company, organized to take over and which would, upon the completion of the transactions, stand possessed of all of the net assets of the Union Trust Company. Respondent, however, contends that the transaction was not a non-taxable reorganization under the statute since the Plan provided for the acquisition of a large portion of the assets of the Union Trust Company by the Union Properties, Inc. and, consequently, the Union Bank of Commerce Company did not acquire substantially all the properties of the Union Trust Company. We think that this contention fails to take into consideration the fact that the Union Properties, *119 Inc. was merely an incident in and of the general plan of reorganization of Union Trust Company. Union Properties, Inc. was merely a liquidating agency for certain of the assets of the Union Trust Company - a conduit for the payment of creditors' claims. All of the stock of Union Properties, Inc. was received by the Union Bank of Commerce Company and all of the assets received by Union Properties, Inc., after their liquidation, would pass to that company. Under these conditions it is our conclusion that viewing the Plan of Reorganization as a whole, it contemplated and effected the acquisition by the Union Bank of Commerce Company of all the assets of the Union Trust Company and constituted a reorganization under the cited section. See Board v. Commissioner, 51 Fed. (2d) 73; cert. den., 284 U.S. 658; W. E. Massey v. Commissioner, 51 Fed. (2d) 76; Lincoln Bank & Trust Co. v. Commissioner, 51 Fed. (2d) 78; cert. den., 285 U.S. 548; Portland Oil Co. v. Commissioner, 109 Fed. (2d) 479; George P. Pitkin, 31 B.T.A. 403. *120 The petitioner's stock in the Union Trust Company having been exchanged solely for stock in the Union Bank of Commerce Company in that transaction, it was received free of tax and the period of its holding begins with her acquisition of the 560 original shares of stock in the Union Trust Company. Section 117 (h) of the Internal Revenue Code. It follows that the entire proceeds of the sale by petitioner of her Certificate of Interest is taxable as a long term capital gain. Decision will be entered under Rule 50. Footnotes
1. SEC. 121. NON-TRADE OR NON-BUSINESS DEDUCTIONS. (a) Deduction for Expenses. - Section 23 (a) (relating to deduction for expenses) is amended to read as follows: "(a) Expenses. - "(1) Trade or Business Expenses. - "(A) In General. - All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity. * * * * *
"(2) Non-Trade or Non-Business Expenses. - In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income." (b) Allocable to Exempt Income - Section 24 (a) (5) (relating to items not deductible) is amended by inserting after "this chapter" the following: ", or any amount otherwise allowable under section 23 (a) (2) which is allocable to interest (whether or not any amount of such interest is received or accrued) wholly exempt from the taxes imposed by this chapter".↩