## CRAMPTON v. D. V. FRIONE CO., Inc.

### No. 3551.

District Court, D. Connecticut.

Nov. 10, 1932.

William L. Tierney, of Greenwich, Conn., for plaintiff.

D. L. O'Neill, of New Haven, Conn., for defendant.

HINCKS, District Judge.

This matter comes before me on the plaintiff's demurrer to the answer. The writ is dated May 25, 1932. The complaint alleges that the plaintiff sustained personal injuries as a result of the defendant's negligent acts occurring in the state of New York in October, 1930. By way of answer, the defendant pleaded (inter alia) the Connecticut statute providing that actions for negligence may be brought but within one year after the cause of action accrued.

To this defense the plaintiff demurs on the ground that, since the cause of action arose in the state of New York, the New York statute—not that of Connecticut—is applicable.

The New York statute (Civil Practice Act of New York, § 49, subd. 6) provides: "The following actions must be commenced within three years after the cause of action has accrued: * * * An action to recover damages for a personal injury resulting from negligence."

The issue thus presents a conflict between the law of the state where the wrong was done (New York) and the law of the state comprising this federal district in which the action is brought.

It is now almost universally held that a general statute of limitations is in its essential nature procedural rather than substantive. It bars the remedy only, leaving the underlying right unextinguished. And it operates to bar the remedy only when invoked. It creates no right which a plaintiff may enforce. Rather it confers an immunity which a defendant may assert. Davis v. Mills, 194 U. S. 451, 24 S. Ct. 692, 48 L. Ed. 1067; Wood & Selick v. Compagnie Generale Transatlantique (C. C. A.) 43 F.(2d) 941; Fanton v. Middlebrook, 50 Conn. 44. And, as the same cases indicate, it is well recognized that in matters of procedure the law of the forum prevails. American Law Institute, Restatement of the law of Conflict of

Laws, Proposed final draft No. 2 (Feb. 1931).

The case of Keep v. National Tube Co. (C. C.) 154 F. 121, upon which the plaintiff relies, involved a statute which created, for a limited period only, a right not theretofore existing. In all such cases, when the statutory period expires, the right created by the statute wholly dies. Such a limitation, it is true, so inheres in the life of the right that it will follow the right, if transitory, into foreign jurisdictions.

But the New York statute here involved is not such a statute. It neither creates nor limits any new right. It merely confers upon defendants in New York courts the limited immunity afforded by its own statute. Being no part of the plaintiff's right, it cannot follow the plaintiff into Connecticut.

It results that the demurrer to the answer must be overruled.