ELEANOR B. BURTON (FORMERLY ELEANOR B. GAINES), PETITIONER, *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 109531.   Promulgated May 27, 1943.

*George J. Schaefer, Esq.*, for the petitioner.
*Thomas R. Charshee, Esq.*, for the respondent.

### OPINION.

ARUNDELL, *Judge:* By this proceeding petitioner contests the deter-
mination of income tax deficiencies for 1934, 1935, and 1936 in the
respective amounts of $150.98, $139.34, and $97.71.   The Commis-
sioner has taken the position, in the notice of deficiency as well as be-
fore this Court, that the income of a trust for the years in dispute is
taxable to petitioner, the trust beneficiary.   Whether this is correct
presents the first issue.   If the Commissioner's view is sustained, the
other question is whether assessment of the deficiencies is barred by
the statute of limitations; and this in turn depends upon whether
respondent is able to bring himself within the mitigating provisions of
section 3801 of the Internal Revenue Code.   All the facts have been
stipulated or admitted in the pleadings.   The returns for the periods
involved were filed with the collector for the second district of New
York.

Petitioner is an individual and resides in New York City.   She
and Vincent S. Mulford were married in New York City on March
11, 1931.   On September 30, 1931, petitioner and her husband entered
into a separation agreement for the purpose of settling their property
rights, which incorporated a trust agreement simultaneously executed
by the husband as grantor and the Chemical Bank & Trust Co. as
trustee.   Under the terms of the trust the husband transferred
$200,000 to the Chemical Bank & Trust Co. in trust, to pay the net
income therefrom monthly to petitioner during her lifetime and upon
her death to distribute one-half of the principal to the issue of the

husband or, in default thereof, to the husband, if living, or to his estate. After the death of petitioner the income from the other half of the principal was to be paid to petitioner's daughter by a former marriage, and upon the daughter's death the principal was to be delivered to the husband's issue, or if there were none, to the husband, if living, otherwise to his estate.

The separation agreement contained a mutual release of all claims which either party had or might have against the other; and petitioner expressly covenanted that the execution of the trust agreement by the husband "will constitute a complete release to the husband from all further obligations to support and maintain her."

Thereafter petitioner brought suit against her husband in the Second Judicial District Court of the State of Nevada for divorce on the grounds of extreme cruelty. The husband appeared therein by his attorney and answered the complaint. The cause was tried on October 13, 1931, and on the same day the court granted petitioner an absolute decree of divorce. The decree made no mention of alimony, but it adopted, approved, and confirmed the settlement agreement and the trust agreement hereinabove referred to.

The income of the trust was paid to petitioner during the years 1934, 1935, and 1936; and in her income tax returns for those years she included as income the following respective amounts received from the trust: $8,095.64, $7,356.74, and $6,142.75. As a result of an examination of the income tax returns of petitioner and Vincent S. Mulford for the years 1934, 1935, and 1936 the Commissioner determined that the income of the trust was taxable to the grantor and not to the petitioner. Thereupon, Vincent S. Mulford paid the deficiencies asserted against him, and the income from the trust reported by the petitioner was eliminated and the following overpayments of tax were scheduled and paid to her on the following dates:

| Year | Amount | Date of schedule | Date refund was paid |
|---|---|---|---|
| 1934 | $150.98 | Apr. 14, 1938 | Nov. 16, 1938 |
| 1935 | 139.34 | Apr. 14, 1938 | Nov. 16, 1938 |
| 1936 | 97.71 | Oct. 16, 1939 | Dec. 9, 1939 |

On April 22, 1940, the Supreme Court promulgated its decision in the case of *Helvering* v. *Fuller*, 310 U. S. 69. On the basis of that decision Vincent S. Mulford filed claims for refund for the years 1934, 1935, and 1936, alleging that the income of the trust was not taxable to him. Based on the decision of *Helvering* v. *Fuller, supra,* the Commissioner on November 26, 1940, allowed the refunds claimed by Vincent S. Mulford for the years 1934 and 1935, and on May 20, 1941, the Commissioner allowed the refund claimed by Vincent S. Mulford for the year 1936.

The Commissioner thereupon determined that the income of the trust was taxable to petitioner, and on September 27, 1941, a statutory notice of deficiency was issued against her, reinstating the income originally reported by her in her returns for the years 1934, 1935, and 1936.

As respects the proper person to be taxed upon the income of the present trust, this case is on all fours with *Helvering* v. *Fuller*, *supra*, except that there the husband was the petitioning taxpayer. The *Fuller* case involved an absolute decree of divorce by a Nevada court, making no provision for alimony but approving a property settlement and trust arrangement executed by the parties as a discharge *pro tanto* of the husband's obligation of support. The Court held the income was not taxable to the husband. Where "it seems clear that local law and the trust have given the respondent *pro tanto* a full discharge from his duty to support his divorced wife and leave no continuing obligation, contingent or otherwise," the husband is not taxable. Rather, the wife is taxable. *Pearce* v. *Commissioner*, 315 U. S. 543. Petitioner's counsel in the present case contends, without merit we think, that this case is distinguishable because here the trust corpus ultimately will go to the husband's issue, or in default thereof, to the husband or his estate, whereas Mrs. Fuller was to receive the corpus free of trust ten years after the trust was created. The Court in the *Fuller* case recognized that, even where a husband had no continuing obligation of support, he might still be taxable upon income of a trust if he retained "sufficient interest in or control over the trust as to make him the owner of the corpus for purposes of the federal income tax," citing *Helvering* v. *Clifford*, 309 U. S. 331. But a mere possibility of reverter, which is all the husband retained here, obviously is not an interest or control equivalent to full ownership.

We conclude that petitioner is the proper person to be charged with tax upon the trust income.

A more difficult question is whether the Commissioner is barred by limitations from proceeding against her for the years 1934 and 1935. This requires a consideration of section 3801 of the Internal Revenue Code, for there is no dispute over the fact that the ordinary period of three years [1] from the dates the returns were filed had long since expired when the deficiency notice was issued. In his notice of deficiency the Commissioner stated: "The Bureau holds that the deficiencies in tax for the years 1934, 1935, and 1936 are assessable under

---

[1] The Revenue Acts of 1934 and 1936 provide:

"SEC. 275. PERIOD OF LIMITATION UPON ASSESSMENT AND COLLECTION.

\* \* \* \* \* \* \*

"(a) GENERAL RULE.—The amount of income taxes imposed by this title shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period."

the provisions of section 3801 (c) of the Internal Revenue Code." The Commissioner concedes in his brief, and his reasons for doing so will appear below, that section 3801 can not be invoked in respect of the year 1936 and, consequently, he is barred from assessing the deficiency for that year. He still maintains, however, that the taxes for 1934 and 1935 are assessable under section 3801.

Section 3801 of the Code, which is identical with section 820 of the Revenue Act of 1938, in which it originated, contains a detailed formula for mitigating the effect of the statute of limitations in certain specified cases where there exists, without such provision, the possibility of double deductions, double taxation, or inequitable avoidance of tax. It is lengthy and involved, and only so much of it as is essential to its proper consideration in the light of the facts of the present case is set forth herein:

SEC. 3801. MITIGATION OF EFFECT OF LIMITATION AND OTHER PROVISIONS IN INCOME TAX CASES.

(a) DEFINITIONS.—For the purpose of this section—

(1) DETERMINATION.—The term "determination under the income tax laws" means—

\* \* \* \* \* \* \*

(C) A final disposition by the Commissioner of a claim for refund. For the purposes of this section a claim for refund shall be deemed finally disposed of by the Commissioner—

(i) as to items with respect to which the claim was allowed, upon the date of allowance of refund \* \* \*.

\* \* \* \* \* \* \*

(3) RELATED TAXPAYER.—The term "related taxpayer" means a taxpayer who, with the taxpayer with respect to whom a determination specified in subsection (b) (1), (2), (3), or (4) is made, stood, in the taxable year with respect to which the erroneous inclusion, exclusion, omission, allowance, or disallowance therein referred to was made, in one of the following relationships: \* \* \* (C) grantor and beneficiary \* \* \*.

(b) CIRCUMSTANCES OF ADJUSTMENT.—When a determination under the income tax laws—

\* \* \* \* \* \* \*

(3) Requires the exclusion from gross income of an item with respect to which tax was paid and which was erroneously excluded or omitted \* \* \* from the gross income of a related taxpayer;

\* \* \* \* \* \* \*

and, on the date the determination becomes final, correction of the effect of the error is prevented by the operation \* \* \* of any provision of the internal revenue laws other than this section \* \* \*, then the effect of the error shall be corrected by an adjustment made under this section. Such adjustment shall be made only if there is adopted in the determination a position maintained \* \* \* by the taxpayer with respect to whom the determination is made (in case the amount of the adjustment would be assessed and collected in the same manner as a deficiency under section (c)), which position is inconsistent with the erroneous inclusion, exclusion, omission, allowance, disallowance, recognition, or nonrecognition, as the case may be. \* \* \*

(c) METHOD OF ADJUSTMENT.—The adjustment authorized in subsection (b) shall be made by assessing and collecting, or refunding or crediting, the amount thereof, * * * in the same manner as if it were a deficiency determined by the Commissioner with respect to the taxpayer as to whom the error was made or an overpayment claimed by such taxpayer, as the case may be, for the taxable year with respect to which the error was made, and as if on the date of the determination specified in subsection (b) one year remained before the expiration of the periods of limitation upon assessment or filing claim for refund for such taxable year.

\* \* \* \* \* \* \*

In the case at bar petitioner and her former husband are related taxpayers within the definition of the statute, occupying the relationship of beneficiary and grantor of a trust. There has been a "determination under the income tax laws," namely, the allowance by the Commissioner of the husband's refund claims. Such determination was made on November 26, 1940, as to the years 1934 and 1935, and on May 20, 1941, as to the year 1936. The effect of that determination was to require the exclusion from the husband's gross income "of an item with respect to which tax was paid" by him, namely, the trust income, which item was "erroneously excluded or omitted * * * from the gross income of a related taxpayer," namely, the petitioner. Sec. 3801 (b) (3).

Correction of the error by collection of a corresponding tax from petitioner, the related taxpayer, is authorized by the procedure set forth in section 3801 only if correction could not have been made under any other provision of the internal revenue law on the dates when the husband's refund claims were allowed. "Section 3801 is not applicable if, on the date of the determination, correction of the effect of the error is permissible without recourse to such section." Regulations 103, sec. 19.3801 (b)–0. In this connection it is to be noted that the Commissioner had previously, on December 9, 1939, refunded to petitioner the tax paid by her for the year 1936. Section 3746 (b) of the Internal Revenue Code [2] authorizes the United States to recover taxes erroneously refunded, if suit therefor is begun before the expiration of two years after the making of such refund. Under this provision of the Code the Government could have instituted suit against petitioner for recovery of the erroneously refunded 1936 taxes at any time before December 9, 1941. Consequently, on the date the Commissioner allowed the husband's claim for refund of 1936 taxes, May 20, 1941, the effect of the error could have been corrected under section

---

[2] SEC. 3746. SUITS FOR RECOVERY OF ERRONEOUS REFUNDS.

\* . \* \* \* \* \* \*

(b) REFUNDS OTHERWISE ERRONEOUS.—Any portion of an internal revenue tax (or any interest, penalty, additional amount, or addition to such tax) which has been erroneously refunded (if such refund would not be considered as erroneous under section 3774) may be recovered by suit brought in the name of the United States, but only if such suit is begun before the expiration of two years after the making of such refund.

3746. Since this remedy was open to the Commissioner, section 3801 can have no operation; and, as a result, as the Commissioner concedes, the present proceeding against the petitioner for 1936 tax is untimely.

The refund to petitioner of 1934 and 1935 taxes, however, was made on November 16, 1938, and the allowance of the husband's refund claims for those years was made on November 26, 1940. On the date of the latter determination two years and ten days had thus elapsed since the making of the erroneous refunds to petitioner, and therefore suit for recovery thereof was barred. Since, also, the ordinary three-year period for issuing a deficiency notice had expired on September 27, 1941, when the present notice of deficiency was issued, it follows that correction of the error by assessing petitioner for the 1934 and 1935 taxes, if made at all, can be made only under section 3801. This is the sort of situation to which that mitigating section is addressed. The present notice of deficiency meets the time limit specified in section 3801, namely, one year after allowance on November 26, 1940, of the husband's refund claims for 1934 and 1935 taxes.

The adjustment under section 3801, if it takes the form, as here, of the determination of a deficiency, is limited by subsection (b) to instances where there has been adopted in the determination (viz. allowance of the donor's refund claims) a position maintained by the taxpayer with respect to whom the determination was made (namely, the husband-grantor), which position is inconsistent with the error (in this case, the erroneous exclusion or omission of the trust income from the gross income of petitioner, the related taxpayer). Under the revenue acts the trust income was taxable to either the husband-grantor or the wife-beneficiary. While their original treatment of the item was correct, as matters stood when the *Fuller* case was decided the trust income had been taxed to the husband and, through tax refunds made to the wife, had been excluded from her gross income. In the light of the *Fuller* decision the inclusion in the husband's gross income and the exclusion from the wife's gross income were erroneous. In filing claims for refund the husband maintained a position inconsistent with the erroneous inclusion and exclusion, respectively. The Commissioner, in allowing such claims, adopted the inconsistent position thus taken by the husband. At the time of this determination the ordinary statute of limitations barred recovery from the wife, thereby resulting in a potential escape from taxation of the trust income for 1934 and 1935. Under these circumstances the Commissioner is granted by section 3801 one year from the date of the determination in which to proceed against the wife. The notice of deficiency, in so far as it forms the basis of the instant proceeding with respect to the years 1934 and 1935, was therefore timely under that section of the Code.

*Decision will be entered under Rule 50.*