KATHARINE C. KETCHAM (FORMERLY KATHARINE C. DUPONT), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 109354, 110479.   Promulgated June 18, 1943.

*Edward S. Bentley, Esq.,* for the petitioner.
*Clay C. Holmes, Esq.,* for the respondent.

**OPINION.**

STERNHAGEN, *Judge:* 1.—In the deficiency notices the "explanation" is that the income received by the petitioner from the Francis V. duPont trusts in excess of the amount expended for the maintenance of the children is taxable to her. So much of the trust income as was expended for the children is admitted by the Commissioner not to be within this petitioner's income, and is therefore not in controversy. The amount for each year is shown in the schedule of the findings.

The trusts were established· in 1931 in contemplation of divorce. The 1933 income of the second trust had been determined by the Commissioner to be taxable to the husband, but the Board of Tax Appeals, in a proper proceeding brought by Francis V. duPont, Docket No. 86754. held that, since the divorce decree of the Nevada court freed him from all obligation for support of the wife, the trust income was not properly taxable to the husband. Cf. *Helvering* v. *Fuller*, 310 U.S. 69; *Eleanor B. Burton*. 1 T. C. 1198. So much of the 1933 income of the second trust (and, by the same reasoning, the first trust too) as was for the support of the wife is not within the gross income of the divorced husband. This does not cover the part of the trust

income which is or may be used for the discharge of the husband's parental duty to support and provide for his minor children. Such part remains within his gross income. *Helvering* v. *Stuart*, 317 U. S. 154; *Seymour H. Knox*, 1 T. C. 575; *Walter L. Ferris*, 1 T. C. 992.

The petitioner is to be regarded as the ordinary beneficiary of a distributable income trust. the income of which is *pro tanto* taxable to her. Revenue Act of 1932. sec. 162 (b). Such part, however, as is or may be used for the support of the husband's minor children and therefore serves to fulfill his parental duty is taxable to him by "the rule of attribution laid down in *Douglas* v. *Willcuts*." *Helvering* v. *Stuart, supra.* The taxpayer here can avoid the deficiency only to the extent that she proves the amount which is not attributable to her but to the discharge of the father's obligation to the children. The evidence shows a schedule of the amounts actually used in each year for the support of the children and of the amounts used for expenses of the general household. The amounts of household expenses are not identified, either specifically or by allocation, as to the portion assignable to the children. It has not been established or attempted to be established (cf. *Ingraham* v. *Commissioner*. 119 Fed. (2d) 223) how much of the annual amounts of household expenses is in fact in discharge of the father's obligation; hence, on the evidence, no amount of the household expenses may be excluded from petitioner's income, however reasonable it might be to suppose that part of the household cost is in support of the children.

This Court is not adjudicating a guardian's account. This is a controversy involving the personal income tax of this petitioner, and the Commissioner's determination of deficiency as to her is, in this proceeding, presumed to be correct. In this posture of the case, this Court does not determine definitively the husband's tax liability or his marital liability or his relation to the income of the trust; nor does it determine what part of the trust income is allotted to the petitioner and what part to the children. Cf. *Shaw* v. *Bryant*, 90 Hun 374. It determines only, upon the evidence, whether the deficiency determined as to this petitioner is incorrect. Therefore, while it appears that the amounts of $3,634.83 for 1933 and the scheduled amounts for other years in the same column were in fact used for support of the children, it does not appear what part, if any, of the household expenses of $8,115.02 and of the other amounts in the same column were for the support of the children. Some part of these amounts was used for the petitioner and is within her taxable income and therefore, in the absence of evidence upon which a segregation could be made, the amounts must all be included in her income. Cf. *Marjorie Lipe Stacy*, 43 B. T. A. 91.

The assurance in the 1936 agreement, in compromise of the later dispute, that the income from the trust would not be less than $25,000

a year or that duPont would make up the difference, does not serve to make the income from the trust any less her taxable income. It was not like the guaranty in *Helvering* v. *Leonard*, 310 U. S. 80. That case involved the husband's tax. The guaranty had been made before the husband's marital obligation was discharged and the guaranty was an incident of the obligation. (Cf. *Dixon* v. *Commissioner*, 109 Fed. (2d) 984; *Weir* v. *Commissioner*, 109 Fed. (2d) 996; *Halbert P. Gillette*, 46 B. T. A. 573.) The present petitioner's status in respect of the trust income was the same after the 1936 guaranty as it was before—that of an ordinary beneficiary—to which was added the assurance that the settlor of the trust would make up deficiencies up to the $25,000 minimum. The guarantee did not transform her from an income beneficiary to the recipient of support in satisfaction of her husband's obligation. The trust income is as much within her gross income after the guaranty as it was before. Cf. *Bush* v. *Commissioner*, 133 Fed. (2d) 1005; *Calvin H. Sugg*, 1 T. C. 431.

On the principal issue, this Court holds that petitioner's taxable income of the respective years includes the trust income, except the amounts for the support of the children, which are attributable not to her but to their father. These excepted amounts are:

| | | | |
|---|---|---|---|
| 1933 | $3,634.83 | 1937 | $4,382.16 |
| 1935 | 3,905.07 | 1938 | 4,348.52 |
| 1936 | 4,170.28 | 1939 | 4,048.71 |

2.—The petitioner contends that the 1933 deficiency is beyond the statute of limitations and is not saved by section 820. Revenue Act of 1938 (sec. 3801. Internal Revenue Code). As to Francis V. duPont, petitioner is, and was in 1933, a "related taxpayer" (sec. 820 (a) (3)), since he was the grantor and she was a beneficiary of the trust. Cf. *Eleanor B. Burton, supra*. The income of the trust which is taxable to petitioner was erroneously omitted from her gross income and therefore, she being a related taxpayer, her income is properly to be adjusted as the result of the Board's determination requiring the exclusion of the trust income from duPont's gross income (sec. 820 (b) (3)). The decision in duPont's case became final (sec. 820 (a) (1) (B)) on October 10, 1940, which was the last date on which a petition in court for review could have been filed; and the one year for the "adjustment" assessment (sec. 820 (c)) would have expired on October 9, 1941. The notice of deficiency was mailed September 9. 1941. and was therefore in time. The deficiency for 1933 is not beyond the statute of limitations and may be assessed.

3.—The petitioner contends that the deficiencies for 1935 and 1936 were barred by the three-year limitation period of section 275 (a). In this, she is incorrect. From her returns for those years, which were filed on March 15 of the succeeding years, she omitted an amount which

was more than 25 percent of the amount shown as gross income. The five-year period of section 275 (c) was therefore applicable. *Estate of C. P. Hale*, 1 T. C. 121; *Anna Eliza Masterson*, 1 T. C. 315; *W. F. Trimble & Sons Co.*, 1 T. C. 482. She consented in writing to an extension to June 30, 1942. The deficiency notice was mailed before that date. on January 16, 1942. The deficiencies for 1935 and 1936 are not barred by the statute of limitations.

*Decision will be entered under Rule 50.*