## SGAMBATI v. UNITED STATES.
### No. 142, Docket 21194.

United States Court of Appeals
Second Circuit.

Feb. 3, 1949.

---

[7] Cf. The Denny, supra.

298

Paul Kastenbaum, of New York City (Jacob Rassner and Jack Steinman, both of New York City, of counsel), for appellant.

John F. X. McGohey, of New York City (Martin J. Norris, of New York City, of counsel), for appellee.

Before AUGUSTUS N. HAND, CLARK, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The only question here is whether the statute was tolled during the period of infancy. In Osbourne v. United States, 2 Cir., 164 F.2d 767, 768, we said: "Generally, where a statute creates a cause of action which was unknown at common law, a period of limitation set up in the same statute is regarded as a matter of substance, limiting the right as well as the remedy. Filing a complaint within the prescribed period is a condition precedent to recovery, and the cause of action is extinguished after the running of the period. The general rule, developed chiefly with respect to the Federal Employers' Liability Act, §§ 1–10, 45 U.S.C.A. §§ 51–60, has been applied also to the period of limitations in the Jones Act, [46 U.S.C.A. § 688], which incorporates the period in the Employers' Liability Act, and to the Suits in Admiralty Act. The practical results of the application of this rule have been that the period of limitation under any of the three statutes will control the time for bringing suit in a state court regardless of state statutes of limitations; that the period of limitation under any of these Acts will not be extended, as it would be in the case of an ordinary statute of limitations, by a claimant's disability to sue because of infancy or insanity or by a delay occasioned by the fraud of the defendant; and that the defendant cannot waive the defense of the period of limitations." We see no reason to depart from that statement. The plaintiff could have sued by a next friend within the two years. New York Central & H. R. R. Co. v. Tonsellito, 244 U.S. 360, 37 S.Ct. 620, 61 L.Ed. 1194. The unusual ground for exception to the statutory period we found to exist in the Osbourne case (i. e., impossibility of access to the courts within the period) was absent here.

Affirmed.