## PARKS v. UNITED STATES.

United States District Court
S. D. New York.
Feb. 7, 1949.

O. Raymond Basile, New York City, for libelant.

John F. X. McGohey, U. S. Attorney, New York City (Benjamin H. Berman, Special Attorney, Dept. of Justice, Advocate, Washington, D. C.), for respondent.

COXE, District Judge.

These are exceptions by the respondent to a libel in an admiralty suit brought by the libelant under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., and the Public Vessels Act, 46 U.S.C.A. § 781 et seq., (1) for damages for personal injuries and (2) for maintenance and cure. The libel was filed on September 30, 1948, and alleges that the injuries were sustained during the period from "on or about May 27, 1946 to on or about August 15, 1946", while the libelant was employed as a sea-man on the S/S "W. J. Connors", a vessel owned and operated by the respondent. Both the Suits in Admiralty Act and the Public Vessels Act provide that suits "shall be brought within two years after the cause of action arises". It is obvious, therefore, that under the allegations of the libel the damage claim is barred by limitation. Sgambati v. United States, D.C., 75 F. Supp. 18, affirmed, 2 Cir., 172 F.2d 297.

The claim for maintenance and cure stands, however, on a different footing, and can hardly be determined on the basis of the meagre allegations of the libel. See Calmar S.S. Corp. v. Taylor, 303 U.S. 525, 58 S.Ct. 651, 82 L.Ed. 993; Muruaga v. United States et al., 2 Cir., 172 F.2d 318.

The respondent's exceptions to the damage claim are therefore sustained, and the exceptions to the claim for maintenance and cure overruled.