BISHOP v. SHAUGHNESSY, Collector
of Internal Revenue.

BISHOP v. SHAUGHNESSY, Collector
of Internal Revenue.

Civ. Nos. 3329, 3330.

United States District Court
N. D. New York.

Jan. 31, 1951.

Smith & Sovik, Syracuse, N. Y. (Laurence Sovik and William J. Mackay, Syracuse, N. Y., of counsel), for plaintiffs.

Theron Lamar Caudie, Asst. Atty. Gen., Irving J. Higbee U. S. Atty. Syracuse, N. Y., Frederic Rita, Special Asst. to Atty. Gen. (Edmund Port, Asst. U. S. Atty., Syracuse, N. Y., of counsel), for defendants.

FOLEY, District Judge.

These actions, because of their similarity in law and facts and by stipulation of the attorneys, were tried together by this court and a jury. In accordance with Rule 49(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. and with the assistance and agreement of the attorneys, a simple, single question was formulated in each action upon the substantial factual issue of bona fide gift requiring a categorical answer from the jury. Comprehensive instructions were given in the charge to the jury and the jury unanimously answered "yes" in writing to the question submitted in each action, finding on this issue of fact that a valid and genuine gift of the stock in question had been effected by the plaintiffs, Edward R. Bishop and E. Lawton Bishop, in each instance at issue. The court in submitting the issue of fact to the jury expressly reserved decision upon questions of law, and also reserved decision upon a motion by the plaintiff in reference to the serious question of the inclusion of dividends paid in 1942 and not specifically set forth in the claim for refund, and upon the motion for a directed verdict made in each action in behalf of the defendant Collector of Internal Revenue.

The defendant does not challenge the special verdict of the jury and it is apparent that such verdict is supported by sufficient evidence to warrant the special findings. It is also apparent that the main reliance of the defendant Commissioner in making his determination as to the increased as-

sessment against the taxpayers and in filing the answer in the actions was placed upon the contention that the dividends paid after the transfer of the stock constituted an assignment of income, and the gifts of the stock for income tax purposes were not bona fide. This position is evidenced further by the submission of an affidavit submitted by a special assistant to the attorney general, dated August 2, 1950, in opposition to a motion for summary judgment in this court, stating that the alleged gifts "were not *bona fide* gifts but were simply an artifice to avoid payment of income taxes upon dividends accumulated upon the stock alleged to have been given." The contention of the defendant in this respect was completely washed away by the special verdict of the jury that the transfers were valid, genuine gifts made in good faith, and these findings, also, in my judgment, answer much of the problem presented here.

■ The defendant in seeking to support its motion for a directed verdict urges that the resolution passed on January 24, 1942, authorizing Edward R. Bishop, as treasurer, "to pay off all back dividends on the preferred stock during the year of 1942, at his discretion, as the condition of the company warrants it" constituted a declaration of dividend and vested such dividend as income in the holders of the stock at that time, although the payment of the dividends was not actually made until after the transfer of the stock by the plaintiff Edward R. Bishop, on April 17, 1942, and by plaintiff E. Lawton Bishop, on April 15, 1943. The dividends were actually paid to the donees November 30, 1942, December 29, 1942, and June 26, 1943. To sustain this position, the defendant asks for the application of the law of the State of New York, citing many New York authorities, and Helvering v. McGlue's Estate, 4 Cir., 119 F.2d 167, 171, following the same reasoning. This contention was completely answered to the contrary in Estate of Putnam v. Commissioner, 324 U.S. 393, 65 S.Ct. 811, 89 L.Ed. 1023. We have the same uncertainty and indefiniteness in the resolution in these actions and even more because the resolution does not fix the amount of the dividends to be paid and does not by its terms require any dividends to be paid.

Helvering v. Horst, 311 U.S. 112, 61 S. Ct. 144, 85 L.Ed. 75, and Helvering v. Eubank, 311 U.S. 122, 125, 61 S.Ct. 149, 85 L. Ed. 81, are clearly distinguishable from this situation. The right to receive there was a vested, definite, legal right. In the Horst case, in discussing Blair v. Commissioner, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465, the court said, "Since the gift was deemed to be a gift of the property the income from it was held to be the income of the owner of the property, who was the donee, not the donor, a refinement which was unnecessary if respondent's contention here is right, but one clearly inapplicable to gifts of interest or wages." [311 U.S. 112, 61 S.Ct. 148.] In the action here, the jury found a valid gift of the property (stock) and it seems to be the logical conclusion from such premise that the income belonged to the donees. Avery v. Commissioner, 292 U.S. 210, 54 S.Ct. 674, 78 L.Ed. 1216, cited in Estate of Putnam v. Commissioner, supra, footnote 6, 324 U.S. at page 398, 65 S.Ct. 811, 89 L.Ed. 1023 is further answer to the defendant Commissioner in this respect.

■ In the action of Edward R. Bishop, the question of the inclusion of the 1942 dividends must be important in relation to the computation of the deficiency assessment of $19,035.59. Upon such assessment, the plaintiff, Edward R. Bishop, demands judgment in the sum of $20,859.39. It is unfortunate but the plaintiff cannot recover that part of the assessment based upon the 1942 dividends. The claim for refund was precise, particular, and limited to the 1943 dividends paid in the amount of $49 on each share of preferred stock. To allow a recovery based upon the 1942 dividends would not be an amendment to the form of the claim, but would result in the judicial allowance or institution of a claim that was not filed. Such holding would lead to grave abuses and is contrary to the law. Weagant v. Bowers, 2 Cir., 57 F.2d 679; Tucker v. Alexander, 8 Cir., 15 F.2d 356, reversed on other grounds in 275 U.S. 228, 48 S.Ct. 45, 72 L.Ed. 253.

The motion of the defendant in each action for a directed verdict is denied. Judgment may enter for the plaintiff, E. Lawton Bishop, upon the special verdict for the amount demanded in the complaint. Judgment may enter for the plaintiff, Edward R. Bishop, upon the special verdict in an amount to be computed, which shall exclude any recovery for the amount of the assessment based upon dividends paid in 1942. Such judgment shall be settled upon five days notice. The motion of the plaintiff, Edward R. Bishop, in respect to the 1942 dividends is denied, and a judgment of dismissal may enter in favor of the defendant in respect to any claim in the complaint based upon such dividends. All other motions reserved upon at the trial are denied.