**BISHOP v. SHAUGHNESSY (two cases).**
**Nos. 198, 199, Docket 22240, 22241.**

United States Court of Appeals
Second Circuit.

Argued March 13, 1952.

Decided March 28, 1952.

---

1. Vol. 61, Part 2, p. 1189, St. at L.

2. Vol. 61, Part 2, p. 1180, St. at L.

Ellis N. Slack, Acting Asst. Atty. Gen., and Edmund Port, U. S. Atty., Syracuse, N. Y. (A. F. Prescott and Carolyn R. Just, of counsel), for appellant.

Smith & Sovik and Martin F. Kendrick, all of Syracuse, N. Y., for appellees.

Before SWAN, Chief Judge, and CLARK and FRANK, Circuit Judges.

FRANK, Circuit Judge.

1. It may be, as the Commissioner argues, that, because of the family context, if the two taxpayers between them had had control of the corporation, both before and after the gifts of the stock, the doctrine of Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898, would govern, with the result that the dividends paid the donees of the stock would be income of those taxpayers. See also White v. Fitzpatrick, 2 Cir., 193 F.2d 398. But we need not consider that question. For the two taxpayers between them, after the gifts, had only 975 voting shares out of a total of 4,000, or about 24%. They were two out of a five-man board of directors. If they had a similar percentage of the stock of a corporation with many widely dispersed shareholders, there would indeed be a very strong inference that they had control. But where, as here, all the stock was closely held, we think the burden was on the Commissioner to prove control by these taxpayers. He did not bear that burden.

Absent control, the case is as if the treasurer of an ordinary corporation, himself holding some preferred shares, had acted pursuant to a resolution, like that here, authorizing him "to pay off all back dividends on preferred stock during 1942 at his discretion as the condition of the company warrants it." A gift by that treasurer to his wife of some of his preferred shares would not, we think, have the effect of making dividends paid after the gift a part of his income. Unlike the taxpayer in the Sunnen case, he could not, after the gifts of stock, continue to exercise control over the flow of the dividend income through control over the policies of the corporation governing the intake and accrual of earnings required for the payment of dividends. And even his discretion to pay back dividends under the resolution was circumscribed by the condition that the company's condition warrant their payment.

2. It cannot reasonably be argued that the January resolution amounted to a realization of income to the Bishops of the dividends subsequently, paid, so that their subsequent gifts of the stock, on which those dividends were owing, amounted to an assignment of income. The Commissioner cites Austin v. Commissioner, 6 Cir., 161 F.2d 666 and Anthony's Estate v. Commissioner, 10 Cir., 155 F.2d 980, to the contrary; but each of these cases involved uncollected income to which the donor had a legally enforceable right before he disposed of its source, and which was therefore subsequently taxed as the donor's income. The resolution here did not set the time for payment of the dividends nor even the date of record at which the distributee shareholders would be determined. The back dividends might be distributed all in one lump sum or at intervals. It is clear that no enforceable rights accrued to any shareholder by means of the January resolution; hence, there was no income assigned by the subsequent gifts of stock. See Putnam's Estate v. Commissioner, 324 U.S. 393, 65 S.Ct. 811, 89 L.Ed. 1023.

Affirmed.