Estelle E. **BISHOP**, Plaintiff,

v.

R. H. **REICHEL**, Acting District Director of Internal Revenue, Defendant.

**Civ. A. No. 5271.**

United States District Court, N. D. New York.

Nov. 15, 1954.

Smith & Sovik, Syracuse, N. Y., for plaintiff.

Theodore F. Bowes, U. S. Atty., Syracuse, N. Y., H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe, Edmund C. Grainger, Jr., Spe. Assts. to the Atty. Gen., for defendant.

BRENNAN, Judge.

The timeliness of an income tax assessment is the sole question raised on the trial of this action.

The facts were stipulated upon the trial and are stated in the stipulation filed and in the exhibits attached thereto. They will be summarized below.

The plaintiff, Estelle Bishop and Edward R. Bishop were at all pertinent times husband and wife, and each filed an individual income tax for the year 1943. The tax computed therein was paid. The plaintiff reported as income for that year the sum of $22,295 which represented dividends received from Globe Forge, Inc. After examination of both returns by the agents of the Bureau of Internal Revenue, it was determined in effect that the dividends above mentioned were in fact income which should have been reported by the husband. In accordance with such determination, the elimination of such item from plaintiff's return resulted in a substantial refund to the plaintiff and a deficiency assessment against her husband. The deficiency was paid by Edward R. Bishop, claim for refund was made and disallowed, and an action against the Collector of Internal Revenue was brought. The trial of the action resulted in a verdict in favor of the plaintiff. Bishop v. Shaughnessy, D.C., 95 F.Supp. 759. It was affirmed upon appeal, 2 Cir., 195 F. 2d 683, and a rehearing was denied. The mandate of the Court of Appeals was filed in the office of the Clerk of the Court May 6, 1952. No petition was filed with the United States Supreme Court for certiorari. The amount of the

judgment was paid to Edward R. Bishop on May 28, 1953. The effect of the above decision was that the dividends above mentioned were in fact the income of this plaintiff and were not income of her husband.

On April 14, 1953 the Commissioner of Internal Revenue mailed to this plaintiff a notice of deficiency, authorized by Section 272(a) (1) of the Internal Revenue Code, 26 U.S.C.A. This notice and the statement attached thereto apprised the plaintiff of a deficiency in her 1943 income tax return by reason of the reinstatement therein of the dividend item above referred to, which was the subject of her husband's litigation. No action was taken by the plaintiff and on September 3, 1953 the Commissioner assessed a deficiency against the plaintiff on account of her 1943 income tax in the amount of $13,363.17 which was paid on February 10, 1954 at which time claim for refund was made and later disallowed. This action followed.

It is conceded that Section 3801 of the Internal Revenue Code is applicable here and that the plaintiff is a related taxpayer as defined therein. Section 3801 (a) (3). It is not disputed that the assessment must be made within one year from the date of the "determination" as that term is defined in Section 3801 (a) (1) (B) and (C). The section itself, in its language, is far from being a model of clarity but the problem here can be pinpointed by the elimination of certain arguments or contentions.

■■ This Court is of the opinion that the mandate filed May 6, 1952 of the Circuit Court of Appeals in the Bishop case is the "determination", Section 3801(a) (1) (B) which invokes the one year limitation referred to in Section 3801(c). The defendant, while not disputing the above statement urges that the issuance of a certificate of overassessment by the representative of the Bureau on May 22, 1953 and the payment of the amount certified therein to Edward R. Bishop, (as per the stipulation) also constituted such a "determina-

tion" under the provisions of Section 3801(a) (1) (C). If this contention is adopted, then it is plain that the assessment challenged here was made within the one year limitation period. The Court is impressed however that "determination" as defined in the above section contemplates either a legal or an administrative decision which arises from the consideration and application of either facts or law or both. Here the issuance of the certificate of overassessment and the payment to Mr. Bishop were simply ministerial acts required by the decision of the Court of Appeals and a part of the routine procedure adopted by the Bureau to implement the judgment previously granted by the Court. Furthermore, the certificate itself, while apparently unsigned does in no way indicate that it was the final disposition made by the Commissioner. It should also be noted that the ninety day notice was mailed to this plaintiff on April 14, 1953 while the certificate of overassessment was issued over a month later. This fact alone is indicative that the issuance of the certificate was not considered as the determination which is preliminary to action under Section 3801.

The briefs filed indicate a dispute as to whether the decision of the Court of Appeals referred to above became final on the date of the filing of the mandate, May 6, 1952 or on August 6, 1952 when the time to file a petition for certiorari expired. This dispute is of no importance here because using either date as the start of the limitation period, over one year had expired before the assessment of September 3, 1953 was made.

The crux of this suit emerges from plaintiff's contention that the assessment of September 3, 1953 is untimely and invalid, while defendant contends that the limitation period in which a valid assessment may be made is extended by the period of ninety days during which the Commissioner was prohibited from making an assessment and for sixty days thereafter. The decision

depends entirely upon the interpretation and application of the statutes involved.

We start with the admitted statement that the assessment against this plaintiff must find validity in Section 3801(c) since the adjustment is authorized under Section 3801(b) (3) and (7) and since the assessment is foreclosed under Section 275(a) by the passage of three years from the time plaintiff filed her 1943 return. It is apparent that Section 3801 had for one of its purposes the modification of Section 275(a), since it is entitled in part "Mitigation of effect of limitation—". It created a right of assessment of the adjustment authorized in the same manner as if it were a determined deficiency and as if one year remained in which the assessment could be made. For convenience the pertinent part of the Section is set out in the footnote below.[1] We then turn to Section 272(a) (1) which governs the procedure in case of a deficiency and provision is made for the mailing of a notice thereof to the taxpayer, and it is provided that no assessment shall be made within ninety days after the notice is mailed, or until the final decision of the Tax Board, if the taxpayer files a petition with the Board seeking a redetermination of such deficiency. The above procedure was followed in this case and up to this point no controversy arises. It is only when the defendant invokes the provisions of Section 277 that an issue is presented. The latter Section in effect suspends the statute of limitations provided in Section 275 during the ninety days when the Commissioner was prohibited from making the assessment and for sixty days thereafter and if such provision applies here then the assessment of September 13, 1953 was within the one year period referred to in Section 3801.

The Court is of the opinion that Section 277 is available here and that the assessment is valid and timely. When Congress provided that the assessment shall be made "in the same manner" as if it were a determined deficiency, it indicated that the procedures available in the case of such deficiency might be invoked. If one year of the three year period under Section 275 remains in which the assessment may be made in the case of such deficiency the provisions of Section 277 plainly apply. To apply the one year provision found in Section 3801(c) rigidly and excluding the provisions of Section 277 is not "in the same manner" as it is applied in the case of a determined deficiency. It may be said that Section 3801 creates a right and that the period of limitation set up therein is a matter of substance, Sgambati v. U. S., 2 Cir., 172 F.2d 297, but the limitation therein is related to and dependent upon the general limitation of Section 275 which is regarded as procedural. Crampton v. D. V. Frione Co., D.C., 1 F.Supp. 989.

No case is cited which is an authority here. The two cases cited by the defendant, Ketcham v. Commissioner, 2 Cir., 142 F.2d 996 and Burton v. Commissioner, 1 T.C. 1198 are hardly in point. The conclusion however is fortified by legislative history and by Treasury Regulation cited by defendant as T.R. 118, Section 39.3801(c)–1, which in so many words provides that in the matter under discussion, the Commissioner has one year after the determination within which to mail the notice of deficiency and that such mailing will suspend the running of the one year period pro-

---

1. Section 3801(c) "*Method of adjustment.* The adjustment authorized in subsection (b) shall be made by assessing and collecting, or refunding or crediting, the amount thereof, to be ascertained as provided in subsection (d), in the same manner as if it were a deficiency determined by the Commissioner with respect to the taxpayer as to whom the error was made or an overpayment claimed by such taxpayer, as the case may be, for the taxable year with respect to which the error was made, and as if on the date of the determination specified in subsection (b) one year remained before the expiration of the periods of limitation upon assessment or filing claim for refund for such taxable year."

vided by Section 3801(c). This provision has existed without change since August 23, 1938, a few months after the predecessor of Section 3801 was first enacted as Section 820 of the Revenue Act of 1938 and may now be found in 26 C.F.R. 39.3801(c)–1. Such long continued interpretation has the effect of law. Helvering v. Winmill, 305 U.S. 79 at page 83, 59 S.Ct. 45, 83 L.Ed. 52, and may not be lightly disregarded. Commissioner of Internal Revenue v. South Texas Co., 333 U.S. 496, at page 501, 68 S.Ct. 695, 92 L.Ed. 831.

 The plaintiff's claim is expressed by the quotation from Holmberg v. Armbrecht, 327 U.S. 392, at page 395, 66 S.Ct. 582, at page 584, 90 L.Ed. 743, "If Congress explicitly puts a limit upon the time for enforcing a right which it created, there is an end of the matter. The congressional statute of limitation is definitive." Such limitation must be followed by the courts. Equities are not involved; Kavanagh v. Noble, 332 U.S. 535, at page 539, 68 S.Ct. 235, 92 L.Ed. 150, this principle does not mean however that the purpose and intent of the statute is to be ignored or that interpretive regulations are to be lightly discarded. The language of our own circuit in Joint Council Dining Car Employees Local 370, Hotel and Restaurant Employees International Alliance v. Delaware, L. & W. R. Co., 2 Cir., 157 F.2d 417, at page 421 points the way to the conclusion here.

"The statutory limitation, like the remainder of the Act, must be construed in an endeavor to effectuate its purpose and intent. Even periods of limitation, however arbitrarily they must be applied when once defined, yield in their definition to the purposes intended, and to a general desire to preserve rights against unexpected and abrupt termination."

Findings and Conclusions will accompany this opinion and judgment dismissing the complaint will follow accordingly.