ESTHER B. BISHOP, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 49582.    Filed June 12, 1956.

*Laurence Sovik, Esq.*, for the petitioner.
*Paul D. Lagomarcino, Esq.*, for the respondent.

OPINION.

LeMire, *Judge:* This proceeding involves a deficiency in petitioner's income tax for the year 1943 in the amount of $1,064.81, determined pursuant to section 3801 of the Internal Revenue Code of 1939.

The issue is: Where a notice of deficiency mailed within 1 year, as provided in section 3801 (c), is contested, does section 277 of the

Code become operative to suspend the assessment and collection of the deficiency for the further period prescribed therein?

The facts are either stipulated or admitted in the pleadings and are not in dispute. They may be summarized as follows:

Petitioner was the wife of E. Lawton Bishop during the year 1943 and all subsequent times material herein.

Petitioner and her husband filed individual tax returns for the year 1943 with the collector of internal revenue for the twenty-first district of New York.

On or about April 15, 1943, petitioner received from her husband 93 shares of preferred stock of Globe Forge, Inc.

In July 1943 petitioner received the amount of $4,557 as accumulated dividends on her 93 shares of preferred stock and reported such amount on her tax return for 1943. The respondent eliminated the amount of $4,557 from petitioner's income and included a like amount in the income of the husband for that year.

In August 1945 petitioner executed and delivered an acceptance of proposed overassessment for the taxable year 1943 in the amount of $1,064.81, which was refunded to her with interest.

Petitioner's husband paid the income tax on the amount of $4,557 and brought suit in the United States District Court for the Northern District of New York to recover the amount paid. The District Court directed the exclusion from income for 1943 of the amount of $4,557 and entered judgment in favor of the taxpayer. *Bishop* v. *Shaughnessy*, 95 F. Supp. 759. On appeal to the United States Court of Appeals for the Second Circuit the judgment was affirmed. 195 F. 2d 683. The mandate was filed in the office of the clerk on May 5, 1952. No application was made for a writ of certiorari. On May 28, 1953, the judgment was paid.

On April 14, 1953, the respondent mailed a notice of deficiency to petitioner under section 272 (a) (1) of the Internal Revenue Code of 1939.

Petitioner contends that section 3801 (c) [1] of the Code provides a "special" statute of limitations of 1 year during which period the respondent must make the adjustment by assessing and collecting the tax, and that he has failed to make any assessment.

The respondent contends that where the adjustment is an increase in tax liability it is to be assessed and collected as a deficiency; that

---

[1] SEC. 3801. MITIGATION OF EFFECT OF LIMITATION AND OTHER PROVISION IN INCOME TAX CASES

(c) METHOD OF ADJUSTMENT.—The adjustment authorized in subsection (b) shall be made by assessing and collecting, or refunding or crediting, the amount thereof, to be ascertained as provided in subsection (d), in the same manner as if it were a deficiency determined by the Commissioner with respect to the taxpayer as to whom the error was made or an overpayment claimed by such taxpayer, as the case may be, for the taxable year with respect to which the error was made, and as if on the date of the determination specified in subsection (b) one year remained before the expiration of the periods of limitation upon assessment or filing claim for refund for such taxable year.

the mailing of the notice of deficiency within 1 year satisfies the provisions of section 3801 (c) ; and that where petitioner files a timely petition with this Court to contest the deficiency, section 277 of the Code operates to suspend the assessment and collection of the tax.

Petitioner makes no claim that the notice of deficiency was not mailed within the 1 year prescribed in section 3801 (c). The argument advanced by petitioner is premised on the procedure followed by the respondent. The contention that the respondent must assess and collect the tax and that a notice of deficiency does not satisfy the provisions of section 3801 (c) is without merit and unsound.

The courts have heretofore determined that in making an adjustment pursuant to the provisions of section 3801, where the result of the adjustment is an increase in tax, the respondent must proceed by way of a notice of deficiency. *Ketcham* v. *Commissioner*, 142 F. 2d 996, affirming 2 T. C. 159, 165; cf. *Eleanor B. Burton*, 1 T. C. 1198. Treasury Regulations 111, section 29.3801 (c)–1, also prescribe such procedure.

The respondent relies on the case of *Bishop* v. *Reichel*, 127 F. Supp. 750, affirmed per curiam 221 F. 2d 806, certiorari denied 350 U. S. 833, and argues that we should follow it here under the doctrine of stare decisis.

Except as to the parties and the amounts the facts in the *Bishop* case, *supra*, parallel the facts here presented. In each case the respondent made his adjustment under section 3801 by serving a notice of deficiency under section 272 (a) (1) of the Code.

The respondent in the *Bishop* case, *supra*, mailed a notice of deficiency on April 14, 1953. The taxpayer took no action to contest the deficiency and the respondent, on September 3, 1953, more than 1 year after the determination in the case of the related taxpayer, made an assessment. The tax was paid, a claim for refund was filed, and suit was instituted in the United States District Court to recover the amount paid. The taxpayer was represented by the same counsel representing petitioner here, and there contended that the assessment made on September 3, 1953, was barred by the 1-year period prescribed by section 3801 (c) and that section 277 of the Code was not available to the respondent. The District Court held that section 277 of the Code was applicable and that the assessment was valid and timely. The court stated (p. 753) :

The Court is of the opinion that Section 277 is available here and that the assessment is valid and timely. When Congress provided that the assessment shall be made "in the same manner" as if it were a determined deficiency, it indicated that the procedures available in the case of such deficiency might be invoked. If one year of the three year period under Section 275 remains in which the assessment may be made in the case of such deficiency the provisions of Section 277 plainly apply. To apply the one year provision found in Sec-

tion 3801 (c) rigidly and excluding the provisions of Section 277 is not "in the same manner" as it is applied in the case of a determined deficiency. It may be said that Section 3801 creates a right and that the period of limitation set up therein is a matter of substance, Sgambati v. U. S., 2 Cir., 172 F. 2d 297, but the limitation therein is related to and dependent upon the general limitation of Section 275 which is regarded as procedural. Crampton v. D. V. Frione Co., D. C., 1 F. Supp. 989.

The instant case differs from the *Bishop* case, *supra*, in that the petitioner here contests the deficiency by timely petition to this Court, in which the bar of the statute of limitations is specifically pleaded.

The decision in the *Bishop* case, *supra*, appears to us to be based on a sound and logical interpretation of the statutes in question and, therefore, is adopted by us in the instant case.

We hold that the mailing of the notice of deficiency on April 14, 1953, was timely, and that the filing of a petition with this Court makes operative section 277 of the Code and suspends the making of an assessment during the period prescribed therein.

*Decision will be entered for the respondent.*