**Philip HALL, An Infant, by Lloyd Hall, His Guardian Ad Litem, et al., Plaintiffs,**

**v.**

**E. I. Du PONT De NEMOURS & CO., Inc., et al., Defendants.**

**No. 69 Civ. 273.**

United States District Court, E. D. New York.

April 7, 1970.

Jerome Edelman, Brooklyn, N. Y., for plaintiffs; Melvin Block, Brooklyn, N. Y., of counsel.

Littauer, Gordon, Ullman, Riseman & Plowcowe, New York City, for defendants Institute of Makers of Explosives, West Coast Powder Co., Loren R. Baker, individually and as trustee of West Coast Powder Co., Pacific Powder Co., Fred Munz, Edward J. Gazecki and A. S. Macdonald, individually and as trustees of Pacific Powder Co.

Townley, Updike, Carter & Rodgers, New York City, for defendant E. I. DuPont DeNemours & Co., Inc.

Cravath, Swain & Moore, New York City, for defendant Hercules Powder Company, Inc.

Rogers, Hoge & Hills, New York City, for defendant Atlas Powder Co., Inc.

Montfort, Healy, McGuire & Salley, Garden City, N. Y., for defendants American Cynamid Co. and Olin Mathieson Chemical Corporation.

Martin, Bloom, Lipton & Vande Walle, Great Neck, N. Y., for defendant Austin Powder Co.

## MEMORANDUM AND ORDER

WEINSTEIN, District Judge.

Plaintiffs instituted this action against the defendants, individual manufacturers of blasting caps and the trade association to which they belong, in 1969. A total of 230 causes of action are stated, with damages amounting to more than $200,000,000.00. Among the claims asserted are 44 causes of action grounded upon an alleged violation of section one of the Sherman Anti-Trust Act. 15 U.S.C. § 1. All of these claims. assert a conspiracy to inhibit the manufacture of safe blasting caps and to refrain from the proper labeling of these products, in restraint of trade. It is alleged that between 1956 and 1961 explosions of blasting caps manufactured and marketed pursuant to this conspiracy resulted in serious injuries to the minor plaintiffs and loss to their parents or guardians.

All defendants have joined in a motion to dismiss the complaint. Since it is clear that the action must be dismissed because of the expiration of the applicable statute of limitation, it is unnecessary to determine whether the federal claims under section one of the Sherman Act must be dismissed for failure to state a cause of action.

Section 4 of the Clayton Anti-Trust Act, 15 U.S.C. § 15, contains a

specific grant of jurisdiction to federal courts over private actions arising under the federal antitrust laws. It provides:

"Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States * * * without respect to the amount in controversy * * *."

The total pattern of federal jurisdictional statutes indicates that this particular provision (15 U.S.C. § 15), rather than the more general jurisdictional grants of title 28, controls actions based upon the antitrust laws. *Cf.* 15 U.S.C. §§ 4, 26. This is true even as to cases where diversity or a federal question, coupled with a claim in excess of $10,000 in damages, exists in satisfaction of the more general jurisdictional requirements. 28 U.S.C. §§ 1331, 1332.

■ In 1955, a four year statute of limitation was added to the Clayton Act. 15 U.S.C. § 15b. It applies to "Any action to enforce any cause of action under" 15 U.S.C. § 15. Where jurisdiction is founded upon the assertion of a claim arising under the laws of the United States, the federal statute of limitation, if there be one, applies. As the Supreme Court noted in Holmberg v. Armbrecht, 327 U.S. 392, 395, 66 S.Ct. 582, 584, 90 L.Ed. 743 (1946):

"If Congress explicitly puts a limit upon the time for enforcing a right which it created, there is an end of the matter. The Congressional statute of limitation is definitive."

Since the last incident alleged in the complaint occurred in 1961 and this action was not instituted until 1969, the complaint must be dismissed unless this statute of limitation has been tolled.

Plaintiffs contend that the running of the statute should be tolled because of the infancy of the minor plaintiffs during this entire period. The question is novel; not surprisingly, actions brought under 15 U.S.C. § 15 ordinarily involve adult businessmen or corporations. The solution to the question of whether infancy will toll this statute must be sought by analogy and in an analysis of the statutory design.

■ No federal statute of limitation or tolling provision of general applicability exists. Note, Federal Statutes Without Limitations Provisions, 53 Colum.L.Rev. 68 (1953). The power to create tolling exceptions judicially is limited by the general rule that, when a federal statute of limitation exists, it acts as a total bar, extinguishing the right to sue accorded by other statutory provisions. Powers v. United States, 390 F. 2d 602 (9th Cir. 1968); Oliver v. Calmar S.S. Co., 33 F.Supp. 356, 357 (E.D. Pa.1940). Federal courts have acted in a few instances to permit the tolling of statutes in the absence of specific authority. But in each instance the plaintiff was prevented from obtaining any effective relief during the tolled period because of circumstances beyond his control. *See, e. g.,* Burnet v. New York Central Railroad Co., 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965) (where timely Federal Employers' Liability Act case instituted in state court is dismissed for improper venue, and when state has no provision for transfer of such cases, statute of limitation is tolled during pendency of state suit); Osbourne v. United States, 164 F.2d 767 (2d Cir. 1947) (where, during wartime, citizen is prevented from access to courts because of internment abroad, statute of limitation is tolled); Holmberg v. Armbrecht, 327 U.S. 392, 397, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1946) (doctrine that "statute does not begin to run until the fraud is discovered," "is read into every federal statute of limitation."); Moviecolor Ltd. v. Eastman Kodak Co., 288 F.2d 80 (2d Cir.), *cert. denied,* 368 U.S. 821, 82 S.Ct. 39, 7 L.Ed. 2d 26 (1961) (same).

Neither infancy nor insanity has been recognized as warranting the judicial creation of tolling exceptions under other federal statutes of limitation. Mann v. United States, 399 F.2d 672 (9th Cir. 1968) (Federal Tort Claims Act; infan-

cy); Pittman v. United States, 341 F.2d 739 (9th Cir.), *cert. denied*, 382 U.S. 941, 86 S.Ct. 394, 15 L.Ed.2d 351 (1965) (Federal Tort Claims Act; infancy); Williams v. United States, 133 F.Supp. 317 (E.D.Va.1954) (Suits in Admiralty Act; insanity); Shunney v. Fuller Co., 111 F.Supp. 543 (D.R.I. 1953) (Fair Labor Standards Act; infancy); Sgambati v. United States, 75 F.Supp. 18 (S.D.N.Y.1947), *aff'd*, 172 F.2d 297 (2d Cir.), *cert. denied*, 337 U.S. 938, 69 S.Ct. 1514, 93 L.Ed. 1743 (1949) (Suits in Admiralty Act; infancy); Taylor v. Southern Railway Co., 6 F.Supp. 259, 260 (E.D. Ill.1934) (dictum; cases under Federal Employers' Liability Act "establish the rule that the time for beginning action is not extended by insanity of the employee, by infancy or by the fact that the delay in institution of the suit was caused by the fraud and deceit of defendant."). These decisions do not depend upon the doctrine of sovereign immunity. Pittman v. United States, 341 F.2d 739 (9th Cir.), *cert. denied*, 382 U. S. 941, 86 S.Ct. 394, 15 L.Ed.2d 351 (1965) ("we fail to agree * * * that if we should pronounce there never was any federal immunity on torts that [the plaintiff] would be in a better position. The government could still have its statute of limitation."). Rather, they seem to be predicated upon the sound assumption that in most instances a valid claim of an infant or incompetent will be enforced as a result of the efforts of a relative or friend so that, in the absence of legislation, the courts need not exercise their law making powers to prevent injustice. Decisions in diversity cases such as Stanczyk v. Keefe, 384 F.2d 707 (7th Cir. 1967), relied upon by plaintiffs, are not relevant since the litigation is governed by state laws incorporating infant tolling provisions.

 These precedents in other areas of federal law are particularly persuasive when viewed against the strong Congressional policy in favor of repose in antitrust suits. The Report of the Senate Committee on the Judiciary indicates that, in adopting the four year statute of limitation and its only statutory tolling provision (15 U.S.C. § 16(b)), Congress was concerned with the fact that

> "the long duration of [federally-instituted antitrust] proceedings taken in conjunction with a lengthy statute of limitations may tend to prolong stale claims, unduly impair efficient business operations, and overburden the calendars of courts. * * * [The committee] does not believe that the undue prolongation of proceedings is conducive to effective and efficient enforcement of the antitrust laws." S.Rep. No. 619, 84th Cong., 1st Sess., 2 U.S.Code Cong. & Ad.News, 2328, 2333 (1955).

Congress was clearly aware of the existence and necessity of tolling provisions; their omission was not simply an oversight. *Id.* at 2332–2333. See also the Report of the Attorney General made a part of the Senate Committee Report:

> "Similarly, we favor enactment of a uniform statute of limitations. Currently, private antitrust action is needlessly complicated by issues such as which State's statute of limitations apply, the events from which such statute run [sic], and the circumstance under which it may be told [sic]. *Id.* at 2333.

Congressional desire to achieve uniformity in the area (*id.* at 2330) and to prevent forum shopping (*id.* at 2330–2331) would be undermined by the incorporation of state tolling provisions for infancy. *Cf.* Winkler-Koch Engineering Co. v. Universal Oil Products Co., 100 F.Supp. 15 (S.D.N.Y.1951) (applying state statutes of limitation in federal antitrust suit before adoption of four year limit of 15 U.S.C. § 15b); Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945).

 No circumstances of a special nature militate against the application of the statute as written to the instant

case. It is not alleged that the plaintiffs could not sue through their guardians at an earlier date. *Cf.* Sgambati v. United States, 172 F.2d 297, 298 (2d Cir.), *cert. denied*, 337 U.S. 938, 69 S.Ct. 1514, 93 L.Ed. 1743 (1949). In point of fact, most of the plaintiffs who suffered direct personal injuries are still infants and this suit is being brought on their behalf. Nor are there sufficient allegations in the complaint to support a determination that fraud or deceit on the part of the defendants prevented the plaintiffs from instituting a timely suit. Moviecolor Ltd. v. Eastman Kodak Co., 288 F.2d 80 (2d Cir.), *cert. denied*, 368 U.S. 821, 82 S.Ct. 39, 7 L.Ed.2d 26 (1961). It is in the nature of a conspiracy that there be secrecy; mere nondisclosure or denial of the existence of a conspiracy does not constitute fraud or deceit for tolling purposes. If it did, the tolling exception to the statute of limitation would eclipse the basic statute itself.

The injuries and causes of action were known to plaintiffs from the moment of explosion. So, too, was the national pattern of production and distribution of blasting caps. The possibility of producing a safer blasting cap, even if it had been kept secret by defendants, is hardly the kind of fraud warranting the tolling of the limiting period. This is particularly true since the cause of action was never concealed. At most, it was only the basis for concurrent federal jurisdiction to grant relief that was not known to plaintiffs. At all times plaintiffs had appropriate remedies in state courts.

■ Having determined that the only federal causes of action stated in the complaint must be dismissed, it is clear that those causes of action grounded in state law should also be dismissed. There is no diversity of citizenship in this action sufficient to support the retention of jurisdiction by this Court. In a number of instances plaintiffs and defendants are citizens of the same state. For example, the plaintiffs Douglas, Phillip and Lloyd Hall, Gerald W. Wyant and Ruth Allen are citizens of the State of New York; the defendant Institute of Makers of Explosives is an unincorporated association organized in, and with its principal place of business in, the State of New York. The plaintiffs Walter Allison High, Jr., Walter Allison High, III, Douglas Loftis and Eugene M. Loftis are citizens of the State of Virginia, as is the defendant Olin Mathieson Chemical Corporation. This lack of total diversity of citizenship applies in many other instances.

■ The only basis upon which further action in this Court could be predicated is the doctrine of pendent jurisdiction. At this early stage of the litigation, when little has been done to prepare the matter for trial, retention of jurisdiction would be improper. United Mine Workers of America v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); Wham-O Mfg. Co. v. Paradise Mfg. Co., 327 F.2d 748, 752–754 (9th Cir. 1964).

Accordingly, the entire complaint will be dismissed unless, within 30 days, an amended complaint is filed limited to those plaintiffs not adversely affected by this decision.

So ordered.