**LOUIS PIZITZ DRY GOODS COMPANY, a corporation, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 8382.**

United States District Court,
N. D. Alabama, S. D.
April 15, 1960.

---

William S. Pritchard and Winston B. McCall, Pritchard, McCall & Jones, Birmingham, Ala., for plaintiff.

W. L. Longshore, U. S. Atty., and M. L. Tanner, Asst. U. S. Atty., Birmingham, Ala., and Charles K. Rice, Asst. Atty. Gen., James P. Garland, Lyle M. Turner and Peter J. Donahue, Attys., Dept. of Justice, Washington, D. C., for defendant.

LYNNE, Chief Judge.

This action for the recovery of income taxes in the amount of $6,902.68, together with interest as allowed by statute, alleged to have been erroneously paid by plaintiff for its fiscal year ending January 31, 1950, was submitted for the final judgment of the court, without the intervention of a jury, on the pleadings and the proof, consisting of plaintiff's Rule 36, 28 U.S.C.A., written request for admissions, defendant's admissions in response thereto, and the stipulation of the parties including the exhibits referred to therein.

Pursuant to an extension of time plaintiff taxpayer, a corporation organized and existing under the laws of the State of Alabama, filed its income tax return for its fiscal year ending January 31, 1950, on May 15, 1950, disclosing a tax liability of $37,959.89, which taxes were duly paid.

On July 15, 1952, plaintiff filed an amended return for such fiscal year, showing a tax liability of $51,473.53. The additional taxes in the amount of $13,513.64 were paid on July 15, 1952, and interest in the amount of $1,824.34 was paid on September 26, 1952. On July 13, 1955, plaintiff filed a claim for refund in the amount of $6,902.58 for the year ending January 31, 1950, on the ground that it had overstated its income for such year in the amount of $19,121, contending that the statutory period for filing such claim was open under the provisions of Section 3801 of the Internal Revenue Code of 1939, 26 U.S. C.A. § 3801. Such claim for refund was never acted upon because it was considered untimely. This suit followed.

In the case of Louis Pizitz Dry Goods Company v. Deal, D.C.1953, 112 F.Supp. 184, this court had before it plaintiff's claims for refunds of income and excess profits taxes for its taxable years ending January 31, 1942, through January 31, 1947, inclusive. The sole issue before the court related to the timeliness of the election filed by the taxpayer to have applied the involuntary liquidation and replacement provisions of Section 22(d)

(6), Internal Revenue Code of 1939, 26 U.S.C.A. § 22(d) (6), for each of the taxable years. This court held that such election was not timely made and granted defendants' motion for a summary judgment. This judgment was affirmed in Louis Pizitz Dry Goods Company v. Deal, 5 Cir., 208 F.2d 724 and on April 26, 1954, the Supreme Court denied certiorari (347 U.S. 592, 74 S.Ct. 676, 98 L.Ed. 1097). This decision had the practical effect of increasing plaintiff's tax liability for the years 1942–1947 and of requiring adjustments to inventories for the years 1950–1953 (years in which inventories were replaced), thus reducing plaintiff's tax liability for the latter years.

Plaintiff's return for the fiscal year 1951 was never audited and no claims for refund have been filed. In a report dated September 27, 1955, Revenue Agent East, in accordance with the Pizitz decision, made adjustments to the cost of goods sold for the fiscal years ending in 1952 and 1953, which adjustments resulted in additional deficiencies. This examination was part of a regular audit since the taxpayer had filed no claims for refund for such years. In a report dated April 23, 1957, Revenue Agent Oran Ford discovered that the adjustments made by Agent East were erroneous in that the taxpayer's incomes should have been reduced by the adjustments rather than being increased. Accordingly, plaintiff received refunds for each of the fiscal years ending in 1952 and 1953.

Since it is axiomatic that a timely claim for refund is a jurisdictional prerequisite to a suit therefor, Section 3772(a) (1) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 3772(a) (1), Carmack v. Scofield, 5 Cir., 201 F.2d 360; United States v. Felt & Tarrant Co., 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025, the sole question for decision is whether plaintiff's claim for refund for the fiscal year 1950, filed July 13, 1955, was timely within the provisions of Sections 322(b) (1) and 3801(c) of the Internal Revenue Code of 1939, 26 U.S.C.A. §§ 322(b) (1), 3801(c).

At a glance it is apparent that the filing of such claim did not satisfy the requirements of Section 322(b) (1) for the reason that it was not filed within three years from the time the return was filed or within two years from the time the tax was paid. It seems clear that unless the impact of this statute of repose may be mitigated by application of the provisions of Section 3801 of the Internal Revenue Code of 1939, plaintiff's claim for refund was obviously untimely.

Section 3801 deals with "items erroneously included in gross income" and with "correction of the effect of the error" by "adjustment." United States v. Dubuque Packing Co., 8 Cir., 233 F.2d 453, 463. Basic to its application is a "determination under the income tax laws," spelled out in Section 3801(a) (1), which requires, insofar as is pertinent here, the inclusion in gross income for the year in question of an item which was erroneously included in another year. Section 3801(c) provides that the correction or adjustment shall be made within one year of the determination.

Under the facts of this case there was but one operative determination within the purview of Section 3801(a) (1). It was the decision in Louis Pizitz Dry Goods Company v. Deal, supra, which brought about the errors in other taxable years and which meets the statutory test of a "determination." That decision became final either on April 26, 1954, when the Supreme Court denied certiorari, or at the expiration of twenty-five days thereafter within which a petition for rehearing might have been filed under Rule 58 of the Supreme Court Rules, 28 U.S.C.A. In any event, it became final more than one year prior to July 13, 1955.

The adjustments contained in the Revenue Agent's report of September 27, 1955, as authorized by Section 3801(b), following the method sanctioned by Section 3801(c), did not constitute a "determination under the income tax laws",

but were rather ministerial acts required by and implementing the decision in the Pizitz case, supra. Bishop v. Reickel, D.C.S.D.N.Y., 127 F.Supp. 750, 54 A.L.R.2d 532, affirmed, 2 Cir., 221 F. 2d 806, certiorari denied 350 U.S. 833, 76 S.Ct. 68, 100 L.Ed. 743. In passing, it is noted that the redundant phrase "specified in subsection (b)", appearing in Section 3801(c) was eliminated in the drafting of its counterpart, Section 1314 (b) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 1314(b).

Concluding that plaintiff's claim for refund for the fiscal year 1950 was barred by the provisions of Section 322(b) (1) of the Internal Revenue Code of 1939, and that it was not saved by a permissible application of the provisions of Section 3801 of such Code, judgment will be entered in favor of defendant.