Robert S. GILL, Individually and as Executor of the Estate of Sara Louise Gill, Deceased, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

Robert S. GILL, Individually and as Executor of the Estate of Sara Louise Gill, Deceased, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 19140, 19132.

United States Court of Appeals Fifth Circuit.

Aug. 14, 1962.

Rehearings Denied Sept. 27, 1962.

Winston B. McCall, Birmingham, Ala., William S. Pritchard, Pritchard, McCall & Jones, Birmingham, Ala., of counsel, for petitioners and appellant.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, R. P. Hertzog, Acting Chief Counsel, I. R. S. Rollin Transue, Atty., I. R. S., A. F. Prescott, Richard J. Heiman, Attys., Dept. of Justice, Washington, D. C., W. L. Longshore, U. S. Atty., Birmingham, Ala., for respondent and appellee.

Before JONES, BROWN and BELL, Circuit Judges.

JONES, Circuit Judge.

The two proceedings here before us for decision involve federal income tax liability of Robert S. Gill and his wife, Sara Louise Gill who is now deceased. All of the transactions from which the asserted tax liability arose were those of Robert S. Gill and he will herein be referred to as the taxpayer. Mrs. Gill was, and her executor is, a party because of the filing of joint husband and wife returns. The original controversy was before this Court in 1958. Gill v. United States, 5 Cir., 258 F.2d 553. The taxpayer had been a partner in Gill Printing and Stationery Company. It reported income on a fiscal-year basis, closing its books as of April 30 of each year. In July of 1945 the taxpayer became the sole proprietor of the business. He continued to file his income tax returns, as before, on a calendar-year basis but continued to report the earnings of the printing business on the basis of the accounting periods previously employed. Thus his return for a particular calendar year would include the net earnings of the business for the fiscal year beginning on May 1st of the prior year through

April 30 of the current year. He filed claims for refund for the years 1949, 1950, 1952, and for a period in 1951 ending April 30 of that year. In support of his claim for refund of tax paid for 1949, and it is with the 1949 tax that we are concerned, the taxpayer made a recomputation of his income by excluding two-thirds of the income of the business for its accounting year ending April 30, 1949, and adding two-thirds of the business income for the fiscal year ending April 30, 1950. These adjustments put the Gills' tax computation for the 1949–1952 period on a calendar-year basis except for the two-thirds of the business income for the annual period ending April 30, 1949.

The claim for refund was disallowed, suit was brought and judgment was for the Government in the district court.

This Court reversed, and by its decision, supra, determined that the taxpayer's income should be computed on a calendar-year basis. As a result, a judgment of the district court was entered, following the remand of this Court, which eliminated from the taxpayer's 1949 computation the business income for the May 1 to December 31, 1948, period. No amended return for 1948 was filed, no waiver of limitations has been made for the year 1948, and no charge of fraud has been asserted. On September 28, 1958, a notice of deficiency was sent to the taxpayer proposing an increase in the tax for 1948 by the inclusion in that year the business income which had been excluded from the 1949 determination. In so doing the Commissioner invoked the provisions of Sections 1311–1314 of the Internal Revenue Code of 1954 [1] usually

---

1. "§ 1311. Correction of error. (a) General rule.—If a determination (as defined in section 1313) is described in one or more of the paragraphs of section 1312 and, on the date of the determination, correction of the effect of the error referred to in the applicable paragraph of section 1312 is prevented by the operation of any law or rule of law, other than this part and other than section 7122 (relating to compromises), then the effect of the error shall be corrected by an adjustment made in the amount and in the manner specified in section 1314.

"(b) Conditions necessary for adjustment.—

"(1) Maintenance of an inconsistent position.—Except in cases described in paragraphs (3) (B) and (4) of section 1312, an adjustment shall be made under this part only if—

"(A) in case the amount of the adjustment would be credited or refunded in the same manner as an overpayment under section 1314, there is adopted in the determination a position maintained by the Secretary or his delegate, or

"(B) in case the amount of the adjustment would be assessed and collected in the same manner as a deficiency under section 1314, there is adopted in the determination a position maintained by the taxpayer with respect to whom the determination is made,

and the position maintained by the Secretary or his delegate in the case described in sub-paragraph (A) or maintained by the taxpayer in the case described in subparagraph (B) is inconsistent with the erroneous inclusion, exclusion, omission, allowance, disallowance, recognition, or nonrecognition, as the case may be.

\*　　\*　　\*　　\*　　\*

"§ 1312. Circumstances of adjustment.

"The circumstances under which the adjustment provided in section 1311 is authorized are as follows:

\*　　\*　　\*　　\*　　\*

"(3) Double exclusion of an item of gross income.—

"(A) Items included in income.—The determination requires the exclusion from gross income of an item included in a return filed by the taxpayer or with respect to which tax was paid and which was erroneously excluded or omitted from the gross income of the taxpayer for another taxable year, or from the gross income of a related taxpayer;
\* \* \*.

\*　　\*　　\*　　\*　　\*

"§ 1313. Definitions. (a) Determination.—For the purposes of this part, the term 'determination' means—

"(1) a decision by the Tax Court or a judgment, decree, or other order by any court of competent jurisdiction, which has become final; \* \* \*.

\*　　\*　　\*　　\*　　\*

"§ 1314. Amount and method of adjustment.

"(a) Ascertainment of amount of adjustment.—In computing the amount of an adjustment under this part there shall

referred to as the mitigation provisions. We first consider whether the assessment was made within a year after the "determination" of the error in computing the 1949 tax. To be collectible the assessment must have been made, under the provisions of Section 1314(b), within a year.

The taxpayer contends that the "determination" was made by the opinion of this Court, issued on July 18, 1958, in which it was held that the tax on all of the income of the taxpayer should be computed on an annual basis. The taxpayer takes the position that a determination was made on July 18, 1958, the date of the opinion, and the deficiency notice mailed on September 28, 1959, was sent too late. The Tax Court was of the opinion that there was no "determination" until the expiration of the time for applying to the Supreme Court for certiorari. It held the notice was timely. An opinion of a Court of Appeals permits

first be ascertained the tax previously determined for the taxable year with respect to which the error was made. The amount of the tax previously determined shall be the excess of—

"(1) the sum of—

"(A) the amount shown as the tax by the taxpayer on his return (determined as provided in section 6211(b) (1) and (3), relating to the definition of deficiency), if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus

"(B) the amounts previously assessed (or collected without assessment) as a deficiency, over—

"(2) the amount of rebates, as defined in section 6211(b) (2), made. There shall then be ascertained the increase or decrease in tax previously determined which results solely from the correct treatment of the item which was the subject of the error (with due regard given to the effect of the item in the computation of gross income, taxable income, and other matters under this subtitle). A similar computation shall be made for any other taxable year affected, or treated as affected, by a net operating loss deduction (as defined in section 172) or by a capital loss carryover (as defined in section 1212), determined with reference to the taxable year with respect to which the error was made. The amount so ascertained (together with any amounts wrongfully collected as additions to the tax or interest, as a result of such error) for each taxable year shall be the amount of the adjustment for that taxable year.

"(b) Method of adjustment.—The adjustment authorized in section 1311(a) shall be made by assessing and collecting, or refunding or crediting, the amount thereof in the same manner as if it were a deficiency determined by the Secretary or his delegate with respect to the taxpayer as to whom the error was made or an overpayment claimed by such taxpayer, as the case may be, for the taxable year or years with respect to which an amount is ascertained under subsection (a), and as if on the date of the determination one year remained before the expiration of the periods of limitation upon assessment or filing claim for refund for such taxable year or years. If, as a result of a determination described in section 1313(a) (4), an adjustment has been made by the assessment and collection of a deficiency or the refund or credit of an overpayment, and subsequently such determination is altered or revoked, the amount of the adjustment ascertained under subsection (a) of this section shall be redetermined on the basis of such alteration or revocation and any overpayment or deficiency resulting from such redetermination shall be refunded or credited, or assessed and collected, as the case may be, as an adjustment under this part. In the case of an adjustment resulting from an increase or decrease in a net operating loss which is carried back to the year of adjustment, interest shall not be collected or paid for any period prior to the close of the taxable year in which the net operating loss arises.

"(c) [as amended by Sec. 59(b), Technical Amendments Act of 1948, P.L. 85-866, 72 Stat. 1606] Adjustment unaffected by other items.—The amount to be assessed and collected in the same manner as a deficiency, or to be refunded or credited in the same manner as an overpayment, under this part, shall not be diminished by any credit or set-off based upon any item other than the one which was the subject of the adjustment. The amount of the adjustment under this part, if paid, shall not be recovered by a claim or suit for refund or suit for erroneous refund based upon any item other than the one which was the subject of the adjustment. * * *"

26 U.S.C.A. (I.R.C.1954) §§ 1311–1314.

a losing litigant to seek a rehearing or to apply to the Supreme Court for a writ of certiorari, or both. In the absence of any action by the Supreme Court, a Court of Appeals retains jurisdiction, and none is relinquished to the district court, until a mandate or judgment is issued. 36 C.J.S. Federal Courts § 301(32), p. 1370 et seq.; 5B C.J.S. Appeal & Error § 1959, p. 530 et seq. The mandate of this Court was issued on September 29, 1958, and this is the earliest date at which it could be said there was a "determination." Louis Pizitz Dry Goods Company v. United States, D.C.N.D.Ala.1950, 185 F.Supp. 186, aff. sub. nom. Louis Pizitz Dry Goods Co., Inc. v. Deal, 5th Cir., 1953, 208 F.2d 724, cert. den. 347 U.S. 952, 74 S.Ct. 676, 98 L.Ed. 1097; Bishop v. Reichel, D.C.N.D.N.Y.1954, 127 F. Supp. 750, 54 A.L.R.2d 532, aff. 2 Cir., 221 F.2d 806, cert. den. 350 U.S. 833, 76 S.Ct. 68, 100 L.Ed. 743, 2 Mertens Law of Federal Income Taxation, ch. 14, p. 48 et seq. § 14.12. The notice of deficiency was given on September 28, 1959, and so was within the year prescribed by the statute. It is not necessary to consider whether the time of the determination might have been postponed until the right to apply for certiorari had expired. Since our 1958 review was of a district court judgment, we do not express any view with respect to the statutes which relate to the time when decisions of the Tax Court become final. 26 U.S.C.A. (I.R.C.1939) § 1140; 26 U.S.C.A. (I. R.C.1954) § 7481. It was suggested that, in view of the provisions of the remand of this Court as set out in the opinion of July 18, 1958, the determination was made by the district court's judgment after the remand. The disposition we have made of the "determination" issue makes it unnecessary to pass upon this question.

The taxpayer makes a contention that the mitigation provisions of the statute are specific and limited, that they cannot be extended or enlarged, and that they do not cover the situation. He as-serts, in connection with this contention, that the adjustment made by the exclusion from 1949 taxable income of the amount which should have been included in 1948 income was not an "item" within the meaning of the statute. It was, though, a stated sum specified by the taxpayer. "Item" as used in the statute, has been construed "to include any item or amount which affects gross income in more than one year, and produces, as a result, double taxation, double deduction or inequitable avoidance of the tax." Gooch Milling & Elevator Co. v. United States, 111 Ct.Cl. 576, 78 F.Supp. 94. See H. T. Hackney Co. v. United States, 111 Ct.Cl. 664, 78 F.Supp. 101; Dubuque Packing Co. v. United States, D.C.N.D. Iowa 1954, 126 F.Supp. 796, aff. 8 Cir., 233 F.2d 453. Under this principle the mitigation provisions of the Internal Revenue Code were properly invoked.

The taxpayer finally argues that, if unsuccessful on his other contentions and the Government is permitted, under the mitigation statute to adjust his 1948 tax by the inclusion for the year of the income excluded from 1949 income by this Court's determination, there should be a complete reopening of the 1948 tax computation so as to permit the exclusion of the May 1 to December 31, 1947, business income. The difficulty with the taxpayer's position is that the statute does not permit the doing of that which he would have done. The statute authorizes adjustments only with respect to the items involved in the determination. The statute of limitations precludes reopening as to any item which was not involved in the determination. First National Bank of Philadelphia v. Commissioner, 18 T.C. 899, aff. 3 Cir., 205 F.2d 82; Central Hanover Bank & Trust Co. v. United States, 2 Cir., 163 F.2d 60.

We find no basis for disturbing the decision of the Tax Court in the one case or the decision of the District Court in the other. Each is

Affirmed.