B. C. and Brunhilde SKINNER, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 4325–Civil–T.

United States District Court
M. D. Florida,
Tampa Division.

April 26, 1963.

12. See, e. g., SM 1070–1071.

Stanley W. Rosenkranz, of Macfarlane, Ferguson, Allison & Kelly, Tampa, Fla., for plaintiffs.

J. Patrick Whaley, U. S. Dept. of Justice, Washington, D. C., for defendant.

YOUNG, District Judge.

This case is before the Court on the Motions of Plaintiffs and Defendant for Summary Judgment.

There appears to be no dispute as to the facts. The Plaintiffs, B. C. and Brunhilde Skinner, seek by this action a refund of income taxes in the amount of $18,340.02 for the fiscal year ending August 3, 1951.

During their taxable year ended August 31, 1949, the taxpayers acquired shares of the common stock of Clinton Industries, Inc., later Clinton Foods, Inc., in a taxable transaction which they reported in their return for that year as ordinary income at approximately $21.75 per share. Upon the audit of the return, the examining agent increased the value of this stock to $23.75 a share and the taxpayers paid the resulting deficiency in tax. During their taxable years ended August 31, 1951 and 1952, the taxpayers sold the Clinton Foods stock they had received in 1949 and computed their capital gain on these sales by taking $23.75 a share as their basis. In 1956 the Commissioner of Internal Revenue mailed a statutory notice of deficiency to the taxpayers with respect to the taxable year 1949 asserting a further deficiency in income tax based largely upon attributing a value of $28.00 a share to the Clinton stock received in that year. The taxpayers filed a petition to the Tax Court and in February, 1960, that court entered a decision, based upon a stipulation of the parties, which became final in May, 1960, fixing the value of the stock received in 1949 at $25.00 a share and determining a resulting deficiency in tax for that year of approximately $11,000 which the taxpayers paid. The determination of this higher value, when applied to the sales of Clinton stock in 1951 and 1952, would reduce the capital gain realized in each of those years. The reduction in the gain in 1952 would increase the net operating loss sustained by the taxpayers for that year which was carried back to 1951, and thus further reduce income tax liability for that year. The total reduction in tax for 1951 is computed to be $18,340.02. The taxpayers accordingly filed a claim on April 17, 1961 for the refund of $18,340.02 of income tax paid for the taxable year 1951, plus interest. The District Director of Internal Revenue declined to consider this claim on the ground that it was not timely filed.

Plaintiffs concede that their claim for refund was not filed within the limitation period contained in Sections 322(b) (1) and 322(b) (6) of the Internal Revenue Code of 1939. However, taxpayers seek to invoke the mitigating provisions of Section 1311 through 1315 of the Internal Revenue Code of 1954, and particularly Section 1312(1).

Section 1312(1) of the Internal Revenue Code of 1954 permits an adjustment if:

" * * * The determination requires the inclusion in gross income of an item which was erroneously included in the gross income of the taxpayer for another taxable year or in the gross income of a related taxpayer."

In this case there was a determination by the decision of the Tax Court in May 1960; there was an inconsistent adjust-

ment made by the Commissioner with this final determination in that the final determination required the basis of the stock to be valued at $25.00 a share in respect to the taxable income for 1949 but the Commissioner collected a tax based upon a basis of $23.75 a share during the taxable years ended August 31, 1951 and 1952. The Plaintiffs are the taxpayers with respect to whom the determination and previous inconsistent adjustments were made and they filed a claim for refund within one year of the date on which the determination became final.

The sole issue in this case is one of law; it is whether or not there was inclusion in two taxable years of the same item of income so as to come within the provisions of Section 1312(1).

The Government in opposition to the refund claim argues that the item of income which was doubly included was not qualitatively the exact same item. "Item", as used in the statute "include(s) any item or amount which affects gross income in more than one year, and produces, as a result, double taxation, double deduction or inequitable avoidance of the tax." Gill v. Commissioner, 306 F.2d 902 (5th Cir. 1962); United States v. Rachal, 312 F.2d 376 (5th Cir. 1962).

In my opinion, the decision in the Rachal case, supra, and the reasons given therefor control this case now before this Court. The final determination in February 1960, that the basis of the stock in 1949 was $25.00 a share (instead of the $23.75 value upon which the tax was paid) resulted in an inclusion in gross income in 1949 of an amount of $1.25 a share which, in effect, was also included in gross income in 1951 and 1952. As a result of this double inclusion, double taxation resulted. The amount of change in stock valuation was the "item of income" that caused the overpayment sought here to be refunded. Therefore, Plaintiffs are entitled to the benefit of the mitigating provisions of Sections 1311 through 1315 of the 1954 Code and to the entry of a Summary Judgment in conformity with this opinion.